Parsons, C. J.
The sufficiency of this declaration must depend on the construction of the statutes of 1782, c. 11., and 1803, c. 154. By the second section of the former statute, any party aggrieved at the judgment of the Common Pleas may appeal to this Court; but before his appeal be allowed, he shall recognize with sureties to the other party, to prosecute his appeal with effect, and to pay all intervening damages and costs; and no execution shall be issued by the Common Pleas on the judgment appealed from. By the third section, the appellant is to produce to this Court a copy of the case; and if he neglect to do it, or fail to prosecute his appeal, this Court may, on complaint of the other party, affirm the former judgment, with additional damages and costs.
From these provisions we are satisfied, that when the appeal has been regularly allowed, no further proceedings can be had on the judgment, until through the default of the appellant it be affirmed in this Court, on the complaint of the appellee; in which case it may be executed by writ issuing from this Court, and not from the Common Pleas. If the appellant prosecute his appeal to effect, a new judgment is entered in this Court, according to the justice of the case, as apparent from the proceedings here. If he enter his appeal, so that the parties are before the Court, and the appellant fail to prosecute, if he be the original plaintiff, the Court enter judgment for the defendant for the costs of both the Courts; but if the appellant be the original defendant, on his failing to prosecute after appearance, his default is recorded, and the plaintiff has judgment according to the justice of his case, without regard to the judgment of the Common Pleas. But if the appellant does not enter his appeal, the remedy for the appellee is to complain of this [■* 378 ] neglect, and pray affirmation of his former * judgment, with additional damages for the delay, and the costs of the complaint.
Formerly, when the appellant was the original defendant, and af ter entering his appeal, failed to prosecute, he was nonsuit on the appeal, and the appellee recovered only the costs of the appeal, but was obliged to file his complaint for affirmation of the former judgment. The alteration of the practice took place when the currency was paper, perpetually depreciating. The judgment of the Common Pleas might be correct when it was rendered for the plaintiff ; but if, on the defendant’s appeal, the final judgment was delayed a year, or perhaps less, the defendant would then be nonsuit on the *295 appea., and leave the plaintiff to his former judgment. To prevent this mischief, the Court entered a new judgment on the appeal, if the appellant had appeared, on recording his default. Thus in actions for tort, which sounded only in damages, the plaintiff might have justice by increasing the damages in proportion to the depreciation ; but he was without relief in actions on contracts for the payment of specific sums of money.
The judgment of the Common Pleas, when regularly appealed from, becomes wholly inoperative. No execution can ever issue upon it. But if the appellant does not enter his appeal, the appellee, by his complaint in this Court, may make that judgment the appeal, and the loches of the appellant a foundation for a judgment of this Court, which may be executed here.
When the appeal is allowed, the judgment no longer, in legal construction, remains in force, and cannot be the foundation of an action of debt. This construction is not new. The question has frequently been before the Court, when a judgment appealed from, and not affirmed, has been pleaded in bar to another action for the same cause; and it has been considered as no bar, as a judgment inoperative, and not in force after the appeal was allowed.
*But this practice is necessarily confined to cases [*379] where a party aggrieved at the judgment of the Common Pleas might lawfully appeal to this Court. Where no appeal is given by law, the judgment of the Common Pleas must necessarily be final. As in actions brought before that Court by appeal from the judgment of a justice of the peace, the title to real estate not being drawn into question; — and also by the late statute of 1803, c. 155., before referred to, in actions upon simple contract, where the plaintiff’s demand does not exceed fifty dollars, and in all actions wherein judgment is rendered in the Common Pleas upon the default of the defendant.
In these cases an appeal is a mere nullity, and the party obtaining the judgment may sue out execution upon it, or maintain an action of debt upon it, as a judgment in force; otherwise he would be without remedy. For the power of this Court to affirm judgments below, where the appeal is not prosecuted, is confined to cases in which the appellant might lawfully prosecute his appeal, and on his neglect is chargeable with loches.
In the case at bar, the plaintiff’s demand did not exceed fifty dollars, and from the judgment no appeal by law lay. The appeal was therefore a nullity, and notwithstanding the allowance of it by the Common Pleas, the judgment remained in full force, and formed a legal consideration of an action of debt. The declaration therefore appears to us sufficient, and the plaintiff must have judgment.