Hoyt and another *against* Brooks.

An appeal from the county to the superior court, lies only where the cause has been *tried*, and a *sentence* or *judgment* rendered.

A judgment of non-suit in the county court, for non-compliance with an interlocutory order of that court, is not a sentence or judgment, nor does it import a trial, within the statute relating to appeals ; and consequently, is not the subject of appeal.

THIS was an action of debt on book, commenced *June* 27th, 1833, returnable to the county court. The plaintiffs' book, shewn on oyer, consisted of the following *item* only : " 1833, *June* 27th, To 9 days wharfage of the *Westchester*, $100."

The defendant filed a written motion, stating, that the plaintiffs had brought against him fifty-eight actions of debt on book, of which this is one, all returnable to this court, at its present term, and all now depending before this court ; that the claim of the plaintiffs against the defendant, in each of said fifty-eight actions, as exhibited on oyer, is for wharfage of the steam-boat *Westchester*, and against the defendant as captain ; and praying that the plaintiffs be ordered to furnish him information of the particular time for which they claim the wharfage, which they seek to recover in this action, by specifi-

fying in their account the particular year and days of the year, and the location of the wharf or wharves, when and where, according to their claim, the wharfage accrued to them, in order that the defendant may be enabled to make his defence.

In answer to this motion, the plaintiffs averred, that they had no other charge or entries on book in this suit, than that of which they had given oyer.

The county court found the facts stated in the defendant's motion to be true, and that the allegations in the plaintiffs' answer were insufficient; and therefore, *ordered* the plaintiffs, within a limited time, during the session, to furnish the defendant with the particular year, month, and days of the month, for which, and also of the location of the wharf or wharves, in respect of which, they claimed wharfage. The plaintiffs neglected to comply with this order; and thereupon the court rendered judgment of non-suit against them. The plaintiffs moved for an appeal from this judgment to the superior court; the defendant objected to it; but the court allowed it; and the cause was appealed accordingly. In the superior court, the defendant pleaded in abatement, stating the above-mentioned facts, and averring, that said action had never been tried in the county court, and that no judgment had been rendered in that court, except the judgment of non-suit, from which the plaintiffs had appealed. The plaintiffs demurred to this plea; and thereupon the case was reserved for the consideration and advice of this court.

*Sherman* and *Betts,* in support of the motion, contended, That the cause was appealable on the judgment of non-suit rendered by the county court. Here they premised, that this judgment was not entered for the non-appearance of the plaintiffs; because they did appear; nor did they submit to it voluntarily; but it was rendered solely on the ground of their failing to comply with the order of the court, while they were present in court. They then contended,

1. That the judgment of non-suit in this case, was a "sentence or judgment," by which the party was aggrieved, within the statute authorizing appeals from the county court. *Stat.* 51. *tit.* 2. *s.* 62. Any final decision of the court, is such a judgment. The non-suit in this case put an end to the suit, as effectually as a verdict and judgment for the defendant on

*Fairfield,*
June, 1834.

Hoyt
*v.*
Brooks.

the general issue, would have done.   In *Massachusetts,* an appeal lies where a party is aggrieved by *a judgment ;* but it is not necessary that it should be a judgment on which an execution may issue, nor even a regular judgment of any sort. *Bemis* v. *Faxon,* 2 *Mass. Rep.* 141.   *Lamphear* v. *Lamprey,* 4 *Mass. Rep.* 107.   *Tappan* v. *Bruen,* 5 *Mass. Rep.* 193. 195, 6.   *Gilbreth* v. *Brown* & al. 15 *Mass. Rep.* 178.

2. That the plaintiffs in this case were not *out of court,* by the non-suit, in such a sense as to preclude them from their right of appeal.   The most usual method of submitting questions of law in *England,* is, by a rule obtained on motion, after a non-suit, by the plaintiff, to shew cause why it should not be set aside.   1 *Arch. Prac.* 174.   *Sadler* v. *Evans,* 4 *Burr.* 1984.

3. That the cause of action being appealable, the county court could not deprive the plaintiffs of their right of appeal, by any order which it might make.

*Swift* and *Hawley,* contra, insisted, 1. That the cause had not been so *tried* in the county court, that there could be an appeal.   *Stat.* 51. *tit.* 2. *s.* 62.   An order for a bill of particulars, for oyer, for bonds for prosecution, for a plea, &c., is not a *judgment ;* nor is the hearing on a motion for such order, a *trial.*   3 *Bla. Comm.* 396.   *Purple* v. *Clark* & al. 5 *Pick.* 206.   *Evans* v. *Philips,* 4 *Wheat.* 73.   *The Marine Insurance Company of Alexandria* v. *Hodgson,* 6 *Cranch,* 296.   So far is a non-suit from this character, that the court has no authority to order one, peremptorily, against the will of the plaintiff.   *Bac. Abr. tit.* Non-suit. A. and notes.   *Crane* v. Lessee of *Morris* & al. 6 *Pet.* 598, 609.   *Mitchell* & al. v. *The New-England Marine Insurance Company,* 6 *Pick.* 117.

2. That the plaintiffs, after the non-suit, were *out of court ;* and therefore, could not appeal.

3. That the plaintiffs are not remediless ; for they may recommence their action and proceed to trial ; after which their right of appeal will be unquestionable.

DAGGETT, Ch. J.   The question in this case, is, whether an appeal lies from a judgment of non-suit in the county court, to the superior court.   It may well be doubted, whether a party

can ever be compelled to submit to a non-suit; but it is not necessary to decide that question, in this case.

Whether this cause is appealable, depends entirely on our statute; and it is not known, that there are any decisions to aid us in the construction of it. This statute (*tit.* 2. *p.* 51, 2.) contains all the regulations applicable to appeals from the county court. They will be found in the 62d, 63d, 64th, and 65th sections of the act. If by force of these sections, this appeal can be sustained, the plea in abatement must be over-ruled; otherwise, it must be adjudged sufficient.

The 63d section points out the course to be pursued, by the superior court, in a cause brought there by appeal from the county court, when it is not appealable. It directs, that it shall be remanded to the county court, there to be proceeded with as to justice shall appertain. This section does not bear on the question.

The 64th section provides for the removal of actions by appeal from justices of the peace, to the county court, if the demand be less than seven dollars, and thence to the superior court, those wherein is drawn in question a right to obstruct a water-course, or a right to the use of land as a way. It will not be urged, that this case is at all of that description.

Equally inapplicable is the 65th section, which provides for the removal of actions of trespass *quare clausum fregit* from justices of the peace to the county court, &c.

We have, then, only to consider the 62d section. The words of the section bearing on this question, are: " In any action brought to, *and tried by*, the county court, wherein the title of land is drawn in question and determined, or wherein the debt, damage or matter in dispute shall exceed the value of seventy dollars, (except it be on bond or note vouched by two witnesses) if either party shall be aggrieved, by the *sentence* or *judgment* of such court, an appeal shall be allowed to the next superior court," &c.

The inquiry is, has this cause been *tried by* the county court? The answer is obvious. The court refused to try it. A non-suit was ordered; and to this the plaintiffs submitted. The plaintiffs, then, are clearly not within the letter of the enactment. Are they within the spirit? Here, it is insisted, that the court have arbitrarily refused to *try* a cause, and ordered it out of court. Be it so. Is this the subject of appeal?

*Fairfield,*
*June, 1834.*

Hoyt
*v.*
Brooks.

The court below, it is to be presumed, has acted discreetly; but be this as it may, is this a legal mode of revising their decision? What if an inferior court should continue a cause from term to term, or refuse to allow a party to plead, or direct a cause to be erased from the docket, or impose any improper condition on a party; will an appeal from any such proceeding lie? I think not. Whatever other remedy, whether by writ of *procedendo, mandamus* or error, may be sought, by the party aggrieved, an appeal does not lie, except where a cause has been *tried.*

Light may be shed on this point, by resorting to the statute authorizing appeals from probate. *Stat.* 208, 9. *tit.* 32. *c.* 1. *sect.* 36. "If any person shall be aggrieved, by any *order, sentence, denial,* or *decree* or *judgment* of a court of probate, in the settlement of an estate, such person may appeal therefrom to the superior court," &c. The difference in the language employed is palpable. Every act of the court of probate, is subject to revision, by appeal. In the case under consideration, an action *tried* and a *sentence* or *judgment* rendered, can be appealed from.

Besides, if every cause might be appealed from the county to the superior court, on account of a supposed error in any interlocutory determination of the court, much delay and inconvenience would ensue. The statute has wisely limited the right of appeal to causes *tried* and *decided.*

The superior court must be advised, that the plea in abatement is sufficient.

The other Judges were of the same opinion, except PETERS, J., who was absent.

*Plea in abatement sufficient.*