## COMMONWEALTH *versus* JOSIAH DUNHAM, Junior.

By Revised Stat. *c.* 138, § 5, a person convicted in the Court of Common Pleas upon any indictment, &c. may appeal therefrom to the Supreme Judicial Court, " if such appeal shall be claimed a convenient time before the end of the term at which the conviction is had ; and such appellant shall be committed, to abide the sentence of the Supreme Judicial Court, until he shall recognize to the Commonwealth in such reasonable sum, and with such sureties, as the Court of Common Pleas shall order, with condition to appear at the court appealed to " &c. This provision was con-strued to mean, that the appellant should recognize in the Court of Common Pleas, and on failure to do so, should be committed provisionally, (that is, until he should recognize,) in order to give him an opportunity to procure bail in vacation.

*Held* also, that if a party claiming an appeal under the foregoing provision, do not either recognize with sureties to the satisfaction of the court appealed from, before the rising of that court, or appear and submit himself to the order of commitment required by the statutes, his appeal cannot be sustained.

AT the March term 1838, of the Municipal Court for the city of Boston, Josiah Dunham, junior, was arraigned on an indictment for perjury. He moved for further time to answer, and the indictment was continued, upon his entering into a re-cognizance, in the sum of $3000, with sureties, conditioned that he should personally appear before the same Court at the April term, to answer to the indictment, and should do and re-ceive that which by the Court should be enjoined on him, and not depart without license. He appeared accordingly and was tried and convicted ; and thereupon he claimed an appeal to this Court.

On the first day of the November term 1838 of this Court, the Clerk entered the appeal, and on the same day the attor-ney of the Commonwealth for the county of Suffolk, filed a motion, praying the Court to order the entry to be erased or discharged, and to take no further cognizance of the claim of appeal, on the ground that the defendant was not entitled by law to an appeal, 1. Because he never recognized to prose-cute an appeal ; 2. Because no appeal has been allowed by the Municipal Court ; 3. Because no order was passed by that court concerning an appeal ; 4. Because the defendant, im-mediately after the rendition of the verdict, left the Municipal Court and never returned to receive and comply with any order of that court in relation to his claim of an appeal ; 5. Be-cause immediately after the rendition of the verdict, the de-

fendant absconded from that court and from the Commonwealth, and forfeited the penalty of the recognizance under which he stood, to abide the order of the court and not depart without license, and he was called on the recognizance to receive the order of the court concerning the appeal and his sureties were called on to produce him, and he and they made default, and judgment has been rendered in favor of the Commonwealth, in an action on the recognizance, for the penalty thereof, from which judgment the defendant and his sureties have appealed to this Court ; 6. Because this Court have no lawful jurisdiction in the premises and ought not to take cognizance of any such pretended appeal.

The case was argued by *Parker*, County-Attorney, for the Commonwealth, and *J. Mason* and *Choate*, for the defendant.

*Feb. 4th,*
*1839.*

SHAW C. J. delivered the opinion of the Court. In this Commonwealth the right of appeal, both in criminal and civil cases, when it exists at all, is given and regulated by statute. In prosecuting an appeal, certain things are to be done by the court appealed from, and certain things by the court appealed to, and the same law regulates both. And when rightly understood and applied, if it requires the one to receive, it requires the other to allow the appeal.

Certain rules and principles may be considered as well settled upon this subject, and to require no citation of precedents to support them, applicable alike to civil and criminal cases.

If an appeal is well taken and prosecuted, it vacates and supersedes the judgment appealed from, and places the case within the jurisdiction of the appellate court, to be proceeded in, almost, if not entirely, in the same manner as if it were an original proceeding in the appellate court. *Campbell v. Howard*, 5 Mass. R. 376. But if the appeal is not well taken and prosecuted, if it is not in a case allowed by law, or if allowed upon terms and conditions prescribed by law and these are not complied with, the proceeding itself is nugatory and void, and stands wholly unaffected by such a claim of appeal. *Commonwealth* v. *Richards*, 17 Pick. 295.

Another principle applicable to this subject is this, that the court appealed to, and not the court appealed from, is to judge in the last resort, whether the party had a right of appeal or

not. This obviously results from the relation which these courts, acting under one and the same system of laws, bear to each other, and is necessary to prevent the appellate court from being ousted of their jurisdiction, in a case where the law intended to confer it. If therefore the court appealed from, through mistake of the law, or otherwise, declines or refuses to allow an appeal, when the appellant is by law entitled to it, and this is made to appear to the appellate court, they will entertain the appeal, notwithstanding such disallowance, and the judgment of the lower court will be thereby vacated.

So on the other hand, if the court below allow the appeal where by law it ought not to be allowed, the appellate court will dismiss the appeal.

Still it is highly proper, and even often necessary, for the court below to act upon such claim of appeal, in the first instance, subject to revision by the appellate court. In case the appeal is disallowed, as one in their judgment not allowable by law, it is their duty to pronounce sentence, or enter the party's default, if he do not appear, order his recognizance estreated, or do such other acts, as would be required, in case no such claim of appeal had been made. This will be very manifest, when applied to a case, where it is clear that no appeal lies, as if a party were convicted of a simple larceny or assault and battery, and an appeal should be claimed.

So in case the appeal, in their judgment, ought to be allowed, sentence is to be suspended, security to be taken, witnesses to be recognized to appear at the appellate court, copies to be prepared and filed, that suitable preparations may be made for the orderly prosecution of the appeal. But this decision of the court below, allowing or disallowing the appeal, must of course be made, subject to the revision of the appellate court.

Something of the same sort occurs under the laws of the United States. The constitution and laws of the United States, for wise reasons, give the Supreme Court of the United States a controlling power over certain subjects, when drawn in question in judicial proceedings. When a party believes that he has good right, upon some one of these subjects, to appeal from the decision of a circuit or State court, he is

to apply in the first instance, to the court rendering the judgment, for the allowance of his writ of error. This is highly proper, because this will give to the court appealed from, an opportunity, on allowance of the writ of error, to take the necessary security, to make up and transmit the record in due form, and thus provide for the orderly proceeding of the court appealed to. But in order that the Supreme Court shall not be ousted of its jurisdiction, by the decision of a court, in this respect deemed by law inferior, either by a mistake of the law, an unwillingness to execute it, or otherwise, on the refusal of the court intended to be appealed from, the writ of error may be allowed by the Supreme Court or any judge thereof, by which that court ultimately acquires regular jurisdiction of the cause.

The defendant in the present case, being convicted of perjury, an offence punishable by imprisonment for a term more than five years, had a right to appeal. By the Revised Stat. c. 128, § 1, the punishment may extend to twenty years.

By Revised Stat. c. 86, § 10, appeals from the Municipal Court are to be prosecuted in the same manner as appeals from the Court of Common Pleas are directed to be prosecuted. And by Revised Stat. c. 138, § 5, every person convicted in the Court of Common Pleas, of any crime for which he may be punished by imprisonment for a term exceeding five years, may appeal therefrom to the Supreme Judicial Court, "if such appeal shall be claimed a convenient time before the end of the term at which the conviction is had ; and such appellant shall be committed, to abide the sentence of the Supreme Judicial Court, until he shall recognize to the Commonwealth, in such reasonable sum, and with such sureties, as the Court of Common Pleas shall order, with condition to appear at the court appealed to, and there to prosecute his appeal, and to abide the sentence of the court thereon," &c.

It was contended on the argument for the defendant, that this provision did not contemplate a recognizance to be taken by that court ; but that the court is simply to pass the order committing the appellant until he should afterwards recognize, before a magistrate or in some other manner prescribed by law. But the Court do not so construe the law. That court is a

court of record, and proper and competent to take a recog-
nizance, and though the provision is briefly expressed, yet
taking the whole statute together, and considering the subject
matter, we have no doubt of the intent, that he was to recognize
in that court, and on failure of procuring such recognizance,
then the order of commitment was to be provisional, that is,
until he should recognize, to enable him, if in his power, to
procure bail in vacation. This provision is revised substan-
tially from *St.* 1832, *c.* 130, § 3, where an appeal is given,
only in case the party shall recognize in that court. And all
the provisions have substantially adopted the language of the
old statute of 1782, establishing the Court of Sessions, which
provides in terms, that no appeal shall be granted, unless
claimed, &c., and unless the appellant shall before the rising
of the court recognize, &c. *St.* 1782, *c.* 14, § 3.

The statute of 1832 was distinguishable from the Revised
Statutes in this, that by the statute of 1832 no appeal was al-
lowed, or held valid, unless the appellant should recognize with
sureties ; whereas by the Revised Statutes, he might appeal,
either on recognizance with sureties, or remaining in close
custody, and the language of the statute is adapted to this change.

On the point, that although the words of the Revised Stat
utes are, that the appellant shall be committed to abide, &c
until he recognize, &c., yet that it is intended that a recog
nizance may be taken in that court, this is confirmed by the
subsequent provisions, § 6, directing the clerk of the lower
court, amongst other things, to return the recognizance, *when
any shall be taken,* clearly referring to a recognizance to be
taken in that court. It recognizes the alternative, namely, that
he will recognize in that court, and then the recognizance is to
be returned, or, that he will fail to do so, and then he will
stand committed under the conditional order. In the case of
*Commonwealth* v. *Richards,* 17 Pick. 295, published, I be-
lieve, since this case was argued, it was held that the right of
appeal was conditional, that in that case, it was given only on
the terms, that the party should recognize at the term at which
the conviction took place, and as no such recognizance was
given at that term, though it was at an ensuing term, the right
of appeal did not exist, and the appeal was dismissed.

That was under the statute of 1832, when an appeal was al
lowed only on entering into a recognizance. But under the
Revised Statutes this right is enlarged, so that he may appeal,
either on recognizing with sureties or being committed to abide
his trial on the appeal. And the Court are all of opinion, that
by the true construction of this statute, when a party is under
bail, in order to entitle him to an appeal, he must either recog-
nize with sureties to the satisfaction of the court appealed from,
at some convenient time before the rising of the court at which
the conviction is had, or appear and submit himself to the
order of commitment required by the statutes. As the de-
fendant did not, in the present case, give the sureties required
by law, nor appear to submit himself to the order of commit-
ment, he did not bring himself within the provisions of the law,
and therefore his appeal cannot be sustained.

It was argued upon the peculiar reading and punctuation in
the 5th section of the Revised Statutes, c. 138, that the re-
cognizance or commitment was not stated as a condition of the
allowance of the appeal. Not much reliance in such case can
be placed upon punctuation ; and whether a clause like this
constitutes a condition or not, depends much upon the subject
matter, the statutes in *pari materiâ*, and the obvious intent of
the whole statute, regarded as constituting a system of meas-
ures, in which one provision is necessarily adapted to another.
A different construction would be attended with extreme in-
convenience and hardship upon appellants. It would require
the court, the moment the party claims an appeal, to pass a
peremptory order for his commitment, against his own remon-
strances, and although he might be able to give the required
sureties, as soon as they could be brought into court, and al-
though under satisfactory bail for his appearance for the whole
term. It is the obvious policy of the law, to interfere with the
liberty of an accused party, before final conviction and sen-
tence, as little as possible, consistently with securing his per-
sonal appearance to abide his trial.

This conclusion is somewhat strengthened by another view
of the subject. A term of the court is, to many purposes, to
be considered as a single day. When a party claims an appeal
in one day, and asks time till an ensuing day, to give his sure-

ties as provided by law, it is in effect giving notice that he shall claim his appeal, at the time named, and then give security as required by law. Now if he fails to appear, at the time thus by himself fixed, he in effect fails to follow up such notice by an effectual claim of an appeal, he thereby waives the notice before given, and it is not to be considered as an actual claim of appeal. He thereby, in the language of the civil law, may be considered as deserting his appeal, and he is in the same situation, as if no such claim had been made or notice given.

It was argued, that by an appeal, according to its general understanding, all proceedings in the court appealed from, are from that time suspended. This is to be taken with considerable limitations ; but be it so, the question still recurs, what is a valid and effectual appeal. If it consisted in only claiming an appeal, there would be much force in the argument ; but if by law such claim is to be followed up by another act on the part of the appellant, to make it effectual, it cannot have the force of an appeal, to suspend further proceedings in the court appealed from, until that further act is done.

I was referred in the argument, to some passages of the civil law. The course of proceeding in the practice of the civil law, is so different from our own, that not much aid can be drawn from it. It seems however to be a fixed rule, that upon an appeal, the appellant must give fresh security, to appear at the court appealed to, and to abide the judgment, and confirm the acts of his proctor. 2 Brown's Civ. and Adm. Law, 437. The same rule takes place in prize causes, but with this limitation, that an appeal shall not suspend the decree of condemnation, if the respondents, that is, those who have obtained the decree, will give good security to restore the proceeds with costs, in case the decree shall be reversed.

But after all, the question depends mainly on the construction of the statutes. The right of appeal, in the cases stated, was conditional ; it depended upon a compliance with conditions requisite to a due administration of the law, and necessary to prevent disorder and an evasion of justice. These conditions not having been complied with, in the present case, the claim of an appeal was inoperative and void, and the appeal must be dismissed.