### Curtiss *against* Beardsley:

#### IN ERROR.

An appeal from a judgment of a justice of the peace to the county court, allowed, but not duly entered in that court, not merely suspends such judgment, but vacates it, so that an action of debt thereon cannot be sustained.

Where the defendant, in an action of debt on a judgment rendered by a justice of the peace, pleaded, that upon the rendering of said judgment against him, he moved an appeal to the county court, which was allowed; and the plaintiff replied, that though true it is, that upon the rendering of said judgment, the defendant moved an appeal to the county court, which said appeal was allowed, &c., it was held, 1. that the plea was not bad, for want of an averment that a bond or recognizance was given on the appeal, as this fact was necessarily implied in the allowance of the appeal; 2. that the replication contained an admission that a valid appeal was taken and allowed.

*Fairfield,*
June, 1843.

Curtiss
*v.*
Beardsley.

THIS was an action of debt on judgment, brought by *Curtiss* against *Beardsley*, to the county court. The judgment declared on was rendered in a suit between the same parties, on the 2nd of *April*, 1833, by *Adoniram Fairchild*, Esq., a justice of the peace, for 35 dollars damages, and 5 dollars, 54 cents, costs of suit.

The defendant pleaded, that the plaintiff ought not to maintain his action against him, because at said justice's court, held on the 2nd of *April*, 1833, upon the rendition of said judgment against the defendant, he moved an appeal to the county court, then next to be held at *Fairfield*, in and for the county of *Fairfield*, on the 3rd *Tuesday* of *April*, 1833; which appeal was then and there allowed, by said Justice *Fairchild*, all in due form of law; and the defendant entered his said appeal in the docket of said county court held on said 3rd *Tuesday* of *April*, 1833, *viz.* on the 3rd day of the session of said court; and the plaintiff appeared in said court, at said session, and answered to said appeal; and said appeal came, by regular continuances, to the session of said court, held at *Fairfield*, on the last *Tuesday* of *January*, 1834; at which session said appeal was erased from the docket of said court, upon the motion of the plaintiff, on the ground that said appeal was not entered in said docket before the second opening of said court, held as aforesaid on the 3rd *Tuesday* of *April*, 1833.

To this plea the plaintiff replied, That though true it is, that upon the rendering of said judgment in said plea mentioned, against the defendant, the defendant moved an appeal to the county court then next to be held at *Fairfield* in and for the county of *Fairfield*, on the 3rd *Tuesday* of *April*, 1833; which said appeal was then and there allowed, by said Justice *Fairchild*; yet the defendant did not enter his said appeal in said county court before the second opening of said county court at the term aforesaid; nor was the same legally entered in said county court, at any time afterwards.

The defendant demurred to this replication; and the county court adjudged it insufficient, and rendered judgment for the defendant to recover his costs. The plaintiff thereupon brought a writ of error in the superior court, where the judgment of

*Fairfield,*
June, 1843.

Curtiss
*v.*
Beardsley.

the county court was affirmed. The plaintiff then, by motion in error, brought the record before this court for revision.

*Booth* and *Belden,* for the plaintiff in error, contended, 1. That the allowance of an appeal by a justice from a judgment rendered by him, which appeal is not pursued, does not vacate the judgment, but only suspends it. In the first place, the appeal is the act of the *party ;* and the justice must by law entertain the motion, and allow the appeal. *Stat.* 48. *tit.* 2. *s.* 23. (ed. 1838.) Secondly, if the allowance of a motion to appeal vacates the judgment, it gives the appellant power, by his own act, or rather, by his refusing to act further in carrying forward his appeal, to annul a judgment. Thirdly, it puts it in the power of the appellant to destroy a lien created by attachment in the suit, and leaves the appellee only the poor privilege of bringing a suit against the bondsman for a bill of costs, and another suit against a bankrupt to recover a just demand. Fourthly, the allowance of an appeal has no effect, unless consummated, by entering a bond, transmitting a certified copy of the proceedings to the county court, and entering it therein as the law requires. Unless there be a full compliance with all the requirements of the law, every thing done is abortive. Fifthly, the statute of 1828, authorizing the appellee to enter the complaint, is merely *permissive,* and does not alter the principle, or excuse the appellant. The statute, indeed, shows, that the judgment of the justice has not been vacated ; for the term used repels such idea. " Affirmed" means *declared, recognized, established.* If the judgment had been vacated and was *lifeless,* the legislature would have used a more pertinent term. Does an appeal from probate, not pursued, vacate a decree of that court ? Does an appeal from the doings of commissioners on insolvent estates, vacate their finding, or any part of it, unless pursued, and some other final action is had ?

2. That the plea of the defendant is fatally defective. In the first place, there is no averment that a bond was given, at the time of allowing the motion ; or that the pretended appeal was entered in the county court before the second opening of the court, or afterwards, on payment of costs ; and if any thing can be gathered from it, it is, that the appeal was never removed from the justice, and that the parties were never

before the county court; and that the county court so found. Secondly, the averment that "the justice allowed the appeal, all in due form of law," is too general, and helps nothing. The court ought to be informed of some of the particulars, in order that it may judge whether all was in due form of law. Thirdly, the defects in the plea are matters of substance, and not expressly or impliedly supplied by the replication. 1 *Chitt. Plead.* 707. 710. 711. *Gould's Plead.* 166. 475. The replication is no broader than the plea, and adopts the very language of it. How then can it be said to aid the plea?

3. That the replication is sufficient. If the plea is vicious, the replication can neither hurt nor help it, unless one vice helps another. But the replication is sufficient, independently of its being an answer to a bad plea.

*Dutton* and *Sturges*, for the defendant in error, contended, 1. That the replication is insufficient. It is so, in the first place, because it does not traverse the defendant's plea, nor set up new matter by way of avoidance. 1 *Chitt. Plead.* 581. Secondly, the replication is argumentative, and not direct, as it should be. 1 *Chitt. Pl.* 539. It should either have denied the defendant's plea, or admitted the whole, and set up matter of avoidance, and not left it to be inferred that if the appeal was not entered before the second opening of the court, nor legally entered at any time thereafter, it could not be legally entered, although entered on the third day of the term.

2. That the allowance of the appeal *vacated* the judgment rendered by the justice. In the first place, this view of the effect of an appeal is in conformity with the uniform practice in this state. After the allowance of an appeal, no execution can issue. Secondly, no reason can be assigned why the judgment should continue in force. The statute has given the appellee a better remedy, *viz.* an action of debt on the recognizance. Thirdly, there must be some stage of the proceedings when the judgment is vacated; and if not when the appeal is allowed, it cannot be until judgment had in the court of the last resort. Fourthly, it is expressly decided in *Massachusetts*, that a judgment is vacated and rendered null, by an appeal; and this, without any reference to its being properly entered, or not. *Campbell* v. *Howard*, 5 *Mass. R.* 376.

*Fairfield,*
June, 1843.

Curtiss
*v.*
Beardsley.

HARVARD LAW LIBRARY

*Fairfield,*
*June, 1843.*

Curtiss
*v.*
Beardsley.

3. That the defence is well pleaded.    Although a demurrer goes back to the first defect, and a bad replication is a good enough answer to a bad plea, yet here the defendant's plea, if true, is a sufficient defence.    In the first place, the plea would have been sufficient, if there had been no pleading over.    In pleading a feoffment, the word " enfeoffed" implies livery of seisin.    1 *Chitt. Pl.* 252. 254. 579.    *Service* v. *Heermance,* 1 *Johns. R.* 91.    *Highland Turnpike Company* v. *McKean,* 11 *Johns. R.* 98.    *Pangburn* v. *Ramsay,* 11 *Johns. R.* 141. *Gazley* v. *Price,* 16 *Johns. R.* 267.    On the same principle, it was not necessary to aver that a *bond* was given ; for this was implied in the averment that an appeal was allowed. *Stat.* 48. *s.* 23. *p.* 59. *s.* 64. (ed. 1838.)    2 *Wms. Saund.* 305.*a.* n. 13.    *Gillespie* v. *White,* 16 *Johns. R.* 117.    *Wilcoxon* v. *Nightingale,* 4 *Bing.* 501.    (15 *E. C. L.* 57.)    2 *Sw. Dig.* 592.    An appeal is in the nature of process ; and although an attachment must be set out, yet it is not necessary to aver that a bond was taken.    2 *Sw. Dig.* 592.    See also 2 *Sw. Dig.* 490. 448.    Facts are all that it is necessary to be stated in pleadings, and not the details or proofs of them.    1 *Chitt. Pl.* 225.    *Prebles* v. *Kittle,* 2 *Johns. R.* 363.    Secondly, the plea, if not sufficiently technical, is aided by pleading over. It is a good title, defectively stated, and not a defective title. 1 *Chitt. Pl.* 672.    *Hoskins* v. *Robins* & al. 2 *Saund.* 328. where it is laid down, that an averment of a license is sufficient after answer, although the license must be by deed.

HINMAN, J.    The first question which seems to be presented by this record, arises upon the replication to the defendant's plea.

The defendant having pleaded to the plaintiff's declaration of debt on the judgment of a justice of the peace, that the defendant appealed the action in which the judgment of the justice was rendered, to the county court ; the plaintiff replied to this plea, that the defendant did not enter his appeal in the county court before the second opening of said court; and that the same was not legally entered in said court, at any time afterwards.    This replication is demurred to.    And the question, in this part of the case, is, whether the replication is sufficient ; or, in other words, whether an appeal from the judgment of a justice, duly taken and allowed, vacates the

judgment, or whether it only suspends it, so that, if the appeal is not carried forward, it remains a valid judgment in the cause.

*Fairfield,*
June, 1843.

Curtiss
*v.*
Beardsley.

By our practice, under the statutes regarding appeals from justices, and appeals from the county court, the cause is brought up entirely unembarrassed by any proceedings in the court below. Unlike a writ of error, or proceedings at common law in nature of appeals, (in which only the precise point decided is carried up for revision) the whole cause is brought before the appellate court, as if it had been originally commenced there. The parties, as respects the merits of the cause, may plead anew, as if there had never been any pleadings in the inferior court. And the entry of such new plea is considered, and treated, as a waiver of the former pleadings in the cause ; and by the modern practice, not even the formality of intimating or suggesting a change of plea, is observed ; but the parties proceed as if no proceedings had taken place in any other court. 6 *Conn. R.* 149. 8 *Conn. R.* 502. The practice is entirely different in appeals from probate. The statute relating to appeals from that court, is different. It is only the order, sentence, denial, decree or judgment of a court of probate in the settlement of an estate, that may be appealed from ; (*Stat.* 236. ed. 1838.) whereas, in suits before justices of the peace, and in the county court, which are appealable, it is the cause itself, and not some order, or denial, or decree in the cause, that may be appealed from. *Stat. pp.* 48. 57. 58. (ed. 1838.) The superior court has no jurisdiction of probate causes, except for the purpose of reversing the judgment of the probate court ; and when that is done, it sends the cause back again, to be proceeded with *according to law.* But in causes appealed from the county court, it takes cognizance of the cause itself, when it is once properly before it, and renders judgment, and carries its judgment into execution, by issuing such process as is necessary for that purpose. So, in causes appealed from a justice of the peace, the county court takes cognizance of the cause, as if it had originally commenced there, and renders judgment, and carries its judgment into effect, by execution or otherwise, as does the superior court in causes brought before it by appeal from the county court.

From this view of appeals from justices, and from the

HARVARD LAW LIBRARY

*Fairfield,*
June, 1843.

Curtiss
*v.*
Beardsley.

county court, as contrasted with appeals at common law, and appeals from probate, we should entertain no doubt, that, upon principle, the effect of the appeal pleaded in this case, would be, to vacate and render null the judgment of the justice; as it is very clear, that if the judgment remained good, the original cause of action would be merged in it, and might even be pleaded as a bar to it. For neither the statutes authorizing appeals, nor any other statute, that we are aware of, authorizes a matter to be tried over again, while there is a valid judgment existing; unless the second trial is for the purpose of revising the former judgment. This opinion is strengthened, by the uniform practice of the profession, in resorting to the recognizance taken on the appeal, when not carried forward; and to a suit on the original cause of action; and yet we never heard of an attempt to set up the judgment which had been appealed from, in answer to such a suit.

Considering, then, the statutes regarding appeals; the practice of the profession; and that an ample remedy exists, by a suit on the recognizance entered into when the appeal is taken, and a suit on the original cause of action, in those cases where a defendant refuses to carry forward the appeal he has taken; and that if the appellant neglects to carry forward the appeal, the appellee may do so, and have the justice's judgment affirmed, we should not hesitate to say, that the appeal did vacate the judgment. But we are not without anthority upon this question. In the case of *Campbell* v. *Howard*, 5 *Mass. R.* 376., C. J. *Parsons* lays down the law in these words : " When the appeal is allowed, the judgment no longer, in legal construction, remains in force, and cannot be the foundation of an action of debt."

But, it is claimed, that, however this may be, assuming that the replication is insufficient, it is still as good as the plea ; and as the demurrer reaches back through the whole record, and attaches upon the first substantial defect in the pleadings, the plaintiff is still entitled to judgment.

The plea is said to be defective, in not averring that a bond or recognizance was entered into, at the time of allowing the appeal ; and also in not averring that the appeal was carried forward.

The last reason has already been considered ; and the first most obvious answer that might be given to the claim,

that no bond or recognizance is alleged in the plea, to have been entered into, to carry forward the appeal, is, that the plaintiff, in his replication, expressly admits, that an appeal was taken and allowed from the judgment of the justice. This part of the replication is in these words : " Though true it is, that upon the rendering of the said judgment, in the said plea mentioned, against the defendant, the defendant moved an appeal to the county court, then next to be held at *Fairfield*, in and for the county of *Fairfield*, on the third *Tuesday* of *April*, 1833, which said appeal was then and there allowed by said justice *Fairchild*." These being the words of the plaintiff in error, must be taken most strongly against him ; and thus taken, they amount to an admission, that a valid appeal was taken and allowed. He no where complains, that the appeal was invalid, because no bond or recognizance was given ; but his complaint is, that the appeal was not carried forward. He does not treat it as a nullity, and traverse the plea, as he might have done, if no recognizance was in fact entered into ; (5 *Mass. R.* 376.) but he says, substantially, that the appeal was not carried forward, and concludes with a verification. He must be taken, then, by thus pleading over, to admit a valid appeal. *Com. Dig. tit.* Pleader. G. 2.

But we do not place the case upon this ground, alone. We think the plea sufficiently avers a valid appeal. The allegation is, that upon the rendition of the judgment by the justice, the defendant moved an appeal to the county court, then next to be held at *Fairfield*, in and for the county of *Fairfield*, on the 3rd *Tuesday* of *April*, 1833 ; which appeal was, then and there, allowed by said justice *Fairchild ;* all in due form of law.

Now, it is a familiar rule in pleading, that circumstances necessarily implied, need not be alleged. *Stephens on Pl.* 353. Thus, if a feoffment be pleaded, livery of seisin is implied in the word " enfeoffed." *Co. Litt.* 303. *b.* In pleading an attachment, it is not necessary to allege that a bond was given. 2 *Sw. Dig.* 592. And the allegation, that a party, by his deed, revoked the authority of an arbitrator, was held to import notice to have been given to the arbitrator. *Vynior's* case, 8 *Co.* 162. *Marsh* v. *Bulteel,* 5 *B. &* *Ald.* 507. (7 *E. C. L.* 175.)

HARVARD LAW LIBRARY

*Fairfield,*
June, 1843.

Curtiss
*v.*
Beardsley.

In analogy to these cases, and upon the principle, that whatever is necessarily implied, need not be alleged ; we think the allegation, that an appeal was allowed, is a sufficient allegation that a bond was given, inasmuch as it is very evident, that, without such a bond, there could be no appeal.

For these reasons, we are of opinion, that there is no error in the judgment of the superior court.

In this opinion the other Judges concurred.

Judgment affirmed.