Rice v. Nickerson & trustee.

---

### HENRY G. RICE *vs.* AMOS R. NICKERSON & trustee.
### CHARLES A. T. RICE *vs.* SAME & trustee.

.f the defendant in an action which is returnable to and entered in the superior court requests that it may be removed to this court, and makes the affidavit prescribed by Gen. Sts. c. 114, § 8, and afterwards fails to cause it to be duly entered in this court, or to pay to the clerk his fee for such entry, the action remains within the jurisdiction of the superior court, and is to be proceeded with there.

PETITIONS by the plaintiffs in two actions of tort, for leave to enter the same in this court.

Rice *v.* Nickerson & trustee.

The actions were commenced by writs sued out of and made returnable to the superior court for the county of Suffolk, and were entered at the return term thereof. The defendant appeared and filed his request for the removal of the same to this court, with the affidavits prescribed by Gen. Sts. *c.* 114, § 8.* This court was then in session. The actions were not removed, and the plaintiffs on or before the first day of the next term of this court filed the present petitions, which were heard before the chief justice, who reported the facts for the determination of the whole court.

*S. Bartlett & D. Thaxter*, for the petitioners.

*J. G. Abbott*, ( *C. F. Blake* with him,) for the respondents.

MERRICK, J. By Gen. Sts. *c.* 114, § 8, it is provided that an action like the present, returnable to and pending in the superior court, may upon the request of the defendant, made at the return term, be removed to the supreme judicial court; and shall if he makes the prescribed affidavit be immediately transferred, with the papers therein, to the clerk of this court, and be by him forthwith entered at the charge of the party removing the same. And the court shall then proceed as if it had been originally brought there.

In the case of *Knapp* v. *Lambert*, 3 Gray, 377, it was determined that it was not the duty of the clerk, in pursuance of

---

* This statute is as follows: "If the defendant in such action, or the respondent in petition for partition, [i. e. those entered in the superior court in the several counties, except the county of Suffolk, where the *ad damnum* in the writ or property claimed, or value of the estate in controversy, exceeds one thousand dollars, and in the county of Suffolk four thousand dollars] or any person in behalf of either of them, at the first term at which such defendant or respondent is held by law to appear, makes oath or affirmation before the clerk or a justice of the peace, that he verily believes he has a substantial defence; that the amount in controversy exceeds the amount or value mentioned in the preceding section ; that he intends to bring the cause to trial, and requests that the same may be removed to the supreme judicial court, it shall be immediately transferred, with the papers therein, to the clerk of that court, and by him forthwith entered at the charge of the party removing the same, and the cause proceed as if originally brought in that court."

precisely the same provisions contained in *St.* 1852, *c.* 312, § 82, to enter an action under the circumstances above stated, in the supreme judicial court, without the payment to him of the fee required by law therefor. And in the statement of the opinion of the court, it is said that, if the defendant, whose especial duty it is in such case to pay the fee of the clerk and to cause the action to be duly entered, shall fail to do so, the plaintiff may advance and pay the money himself and cause the action to be entered in the court to which the defendant requested that it should be removed, and tax the money so advanced in his bill of costs, if he shall finally prevail. And it was further held, that if neither of the parties thus caused the action to be entered in the supreme judicial court at the term when it might and ought to have been entered, it could not afterwards at a succeeding term be entered there upon the petition either of the plaintiff or defendant.

Upon this construction of the statute, it appears that, to the complete and effectual transfer and removal of an action from the superior to the supreme judicial court, it is essential that it should be actually entered in the latter court, upon the application of one of the parties to the suit, and upon the payment by him of the legal charges of the clerk for the performance of his official services relative thereto. And this being essential, it is a condition precedent to the removal of the action; and if the condition is not performed, the state of the action cannot be affected by the mere preliminary proceedings, but must remain on the docket and within the jurisdiction of the superior court, where the original process was made returnable.

But it is urged, in opposition to such conclusion, that the request of the defendant accompanied by the requisite affidavit, operates like an appeal, which at once vacates a judgment rendered and terminates all proceedings in the court appealed from, and deprives it of further jurisdiction in the case. But that is so only when the conditions upon which an appeal is allowed have been complied with. An appeal erroneously taken, or not sustained and legalized by an observance of the terms and conditions upon which only it is permitted by the law to be taken,

is nugatory and void; and the cause in which it is so ineffectually attempted to be made will stand wholly unaffected by the mere claim which is thus preferred. *Commonwealth* v. *Dunham*, 22 Pick. 11. And in the case of *Commonwealth* v. *Richards*, 17 Pick. 295, it was determined that an appeal, taken by a party under the provisions of a statute which allowed a person convicted of certain specified offences to appeal from the court of common pleas to the supreme judicial court, provided he claimed his appeal and duly recognized to the Commonwealth at some convenient time before the adjournment of the court, was inoperative and void, because the recognizance was not entered into until the term of the court next ensuing after that when the conviction took place. And in each of these cases it was held that after the appeal, which had been allowed in the court appealed from, had been dismissed in the supreme judicial court, because the terms upon which it was allowable had not been complied with, the cases themselves still remained in the court of common pleas, and were there to be proceeded with to final judgment. *Campbell* v. *Howard*, 5 Mass. 376.

So in the present case. It makes no difference what the terms and conditions are, or at what stage of the proceedings they are interposed, if the performance of them is made a prerequisite to the transfer, removal and prosecution of the action in the supreme judicial court. If those conditions are not complied with, the request of the defendant for the removal of the action, and any other proceedings connected with it, can have no effect upon the action or upon the jurisdiction of the court to which the writ sued out by the plaintiff was made returnable. The action having been duly entered there, and not having been effectually transferred to another tribunal, must there be pursued until it is disposed of by a final judgment.

And this is a conclusive answer to the objection that the omission seasonably to enter the action in the supreme judicial court, after a request to that effect by the defendant and after certain other requisite acts have been properly done, would operate as a legal discontinuance of it. In the case of *Knapp* v. *Lambert*, above cited, it is said that when the term in which

an action should be entered is wholly past, the process by or under which it is brought, or attempted to be brought, into court is exhausted and cannot be revived by any subsequent entry of it. This is true of an action which has never obtained a place in any court by a proper entry of it there. But if the action has been duly entered in the court to which the writ sued out was originally returnable, and it has not been entered in the court to which the defendant requested that it should be transferred because the terms and conditions upon which such transfer and removal are allowable have not been complied with, then the original process remains in full force in the court where it was first properly and legally entered; and the parties to the suit will be bound by the proceedings which take place and by the judgment which is rendered there.

The conclusion from these considerations is that the petition to enter the action in the supreme judicial court must be disallowed and dismissed, and that the action remains and must be proceeded with by bringing it forward on the docket of the superior court.*

* Before this decision was announced, the legislature established the same rule, for future cases. *St.* 1862, *c.* 115.