Rogers *v.* Hatch.

_____

GEORGE H. ROGERS, AS ADMINISTRATOR ETC., RESPONDENT, *v.* A. J. HATCH, APPELLANT.

CAPACITY OF FOREIGN ADMINISTRATOR TO SUE ON JUDGMENT. An objection of want of capacity to sue on the ground that the plaintiff is a foreign administrator without grant of letters in this State cannot be sustained when the action is on a judgment previously obtained by him in his own state—the suit being in reality a personal one.

PRESUMPTION AS TO LAWS OF OTHER STATES. In the absence of proof of the laws of another state they will be presumed to be the same as in this State.

SUIT ON CALIFORNIA JUDGMENT PENDING APPEAL. Where an administrator recovered a money judgment in a California district court, and it was appealed to the supreme court of that state, but no undertaking on appeal sufficient to stay execution was filed: *Held*, that there was nothing in the fact and pendency of such appeal to prevent the maintenance by such administrator of a suit on the judgment in this State.

ACTION ON JUDGMENT PENDING APPEAL NOT OPERATIVE AS STAY. In an appeal from a money judgment in a district court, where the only undertaking on appeal is for costs, there is no such vacation or suspension of the judgment as to prevent its being sued on in a foreign state during the pendency of such appeal.

SHERMAN V. DILLEY, 3 NEV. 21, CRITICIZED. The opinion expressed in *Sherman* v. *Dilley*, 3 Nev. 21, that a judgment cannot be pleaded in bar or operate by way of estoppel while the case is pending on appeal, is rather dictum than decision.

APPEAL from the District Court of the Second Judicial District, Washoe County.

This was an action by George H. Rogers, as administrator of the estate of James A. Rogers, deceased, upon a judgment for $1193 55, recovered by him as such administrator against the defendant on April 14, 1871, in the district court of the fourth judicial district of the State of California, in and for the City and County of San Francisco. He set forth in his complaint the death of the intestate at San Francisco on September 28, 1868; the jurisdiction of the San Francisco probate court over the administration of the estate; his appointment as administrator, and the issuance of letters to him on his qualification; the commencement of a suit by him as such administrator against defendant in said fourth district court; the personal service in San Francisco of summons therein on defendant and the recovery of judgment as above stated; and he proceeded to allege that such judgment was in full force and effect, unsatisfied, unreversed, and unannulled; that defendant was a resident of Washoe County and not within the jurisdiction of the court in which the judgment was rendered; that defendant thereby became and was indebted to plaintiff in the amount of said judgment, and demanding judgment therefor.

Defendant demurred on the ground that the complaint did not state facts sufficient to show that the action in which judgment was rendered was not still pending on motion for new trial or appeal, or that the time for such motion or appeal had expired. The demurrer was overruled; and defendant then answered, setting up, among other things, that the judgment sued on was not in force, but was suspended by an appeal to the supreme court of California, taken and duly perfected by the defendant, and that there was consequently a former action pending for the same cause of action. Defendant also filed written objections to the trial of the action on the ground that plaintiff could not sue in his capacity of administrator, appointed by the probate court in California, and that he did not sue as administrator by virtue of any appointment under any law of the State of Nevada; all of which objections were overruled.

The cause was tried by the court below without a jury.

The judgment in California having been duly put in evidence by plaintiff, the defendant offered a transcript of the same action on appeal in the supreme court of California, to which plaintiff objected as irrelevant and immaterial, on the ground that it appeared on the face thereof that the undertaking on appeal was a mere bond for costs, being for a sum not exceeding three hundred dollars; and that not being in double the amount of the judgment and costs it did not stay the execution of such judgment. The objections were sustained, and the transcript on appeal excluded. The court found in favor of the plaintiff for the amount claimed by him with interest; and, a motion for new trial having been denied, defendant appealed from the judgment and order.

*Thomas E. Haydon,* for Appellant.

I.   A foreign administrator cannot maintain a suit in the courts of this State without taking out letters of administration in this State.   Story's Conflict of Laws, Secs. 512, 513, and note.

II.   There was error in refusing to allow defendant to prove the pendency of his appeal on the original judgment, in order to show that any right of action thereon was barred during such appeal. See *Sherman* v. *Dilley,* 3 Nev. 27; *Campbell* v. *Howard,* 5 Mass. 378; *Atkins* v. *Wyman,* 45 Maine, 400; *Dubois* v. *Dubois,* 6 Cowan, 495; *Post* v. *Neafie,* 3 Caines, 28; *Gale* v. *Butler,* 35 Ver. 449; *Byrne* v. *Prather,* 14 Lou. 653; *Thornton* v. *Mahoney,* 24 Cal. 583; *Penhallow* v. *Doane,* 3 Dallas, 87; *Keen* v. *Turner,* 13 Mass. 265; *Paine* v. *Corwin,* 20 Pick. 510; *Robbins* v. *Appleby,* 2 N. H. 223; *Tarbox* v. *Fisher,* 50 Maine, 236; *Stillbird* v. *Beattie,* 36 N. H. 455; *Stone* v. *Spillman,* 16 Texas, 432.   An appeal suspends the judgment for evidence, as a bar or as an estoppel.   *People* v. *Frisbie,* 26 Cal. 135; *McGarrahan* v. *Maxwell,* 28 Cal. 75; *Bryan* v. *Berry,* 8 Cal. 135; *Knowles* v. *Tucker,* 12 Cal. 212; *Woodbury* v. *Bowman,* 13 Cal. 634.   The pendency of an appeal can be pleaded in bar of an action on the original judgment; *i. e.,* that there are two actions pending for the one cause.

*I. B. Marshall*, for Respondent.

I.   A foreign administrator can maintain a personal suit against the debtor in any other state, on a judgment that he has recovered. Story's Conflict of Laws, 889, Sec. 522; *Talmadge, Administrator, etc.*, v. *Chapel et al.*, 16 Mass. 69.

II.   An action on a judgment of a court of competent jurisdiction in another state may be maintained, notwithstanding an appeal from such judgment has been taken and is still pending in the court of such state. *Taylor* v. *Shew*, 39 Cal. 536. Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. Act of Congress of May 26, 1790; *Mills* v. *Duryea*, 7 Cranch, 481; *Hampton* v. *McConnell*, 3 Wheaton, 234. Perfecting an appeal in California by the steps taken by the defendant in this case, does not suspend the operation of the judgment, nor stay its execution in the court where rendered. California Practice Act, Secs. 349 and 353.


By the Court, WHITMAN, J.:

Appellant first objects to the capacity of respondent to sue, he being a foreign administrator without grant of letters in and for this State. The objection fails in this case, as he sues on a judgment previously obtained, and the suit is in reality one personal. As was said in a like case upon a similar objection: "Here the action is on a judgment already recovered by the plaintiff, and it might have been brought by him in his own name, and not as administrator; for the debt was due to him, he being answerable for it to the estate of the intestate; and it ought to be considered as so brought, his style of administrator being simply descriptive, and not being essential to his right to recover. It is important to the purposes of justice that it should be so, for an administrator appointed here could not maintain an action upon this judgment, not being privy to it. Nor could he maintain an action upon the original contract; for the defendants might plead in bar the judgment recovered against them in New

York. The debt sued for is, in truth, due to the plaintiff in his personal capacity; for he makes himself accountable for it by bringing his action, and he may well declare that the debt is due to himself." *Talmadge, Admr.* v. *Chapel et al.*, 16 Mass. 71. See, also, Story's Conflict of Laws, Sec. 522.

The only other error assigned is the refusal of the district court to admit the record offered to prove the pendency of an appeal to the supreme court in California from the judgment here in suit rendered in one of its district courts. The paper showed on its face that the only bond given upon such appeal was for costs. There is no proof here of the laws of California in such case, so it must be presumed that, as in this State: "If the appeal be from a judgment or order directing the payment of money it shall not stay the execution of the judgment or order unless a written undertaking be executed on the part of the appellant. * * *" Stats. 1869, Sec. 342. And in that view this case will be considered, which at once reduces the question to the simple proposition, whether a bare appeal from the district court to the supreme court, under the statute, vacates the judgment, or so suspends its vitality that it cannot be sued on in a foreign country during the pendency of such appeal.

No doubt many cases can be found which, in general terms, support the affirmative of this issue, but upon examination they will in most instances be seen to be founded upon statutes different from that of this State, and which make an appeal an entirely different matter in its effect; or else that the language used is rather dictum than decision, as in *Sherman* v. *Dilley*, 3 Nev. 21. The rule is very well stated thus: "The plaintiffs finally claim that the judgment in New York is set aside or suspended by the appeal from it to the court of appeals of that state, and that it therefore constitutes no defense in this suit. The effect of that appeal depends upon the character of the jurisdiction of that court. If, by the laws of New York, a case carried before it by appeal is to be retried by it as upon original process in that court, and it has jurisdiction to settle the controversy by a judgment of its own, and to enforce that judgment by its

Rogers v. Hatch.

own process, the appeal, like an appeal under our statutes from a justice of the peace to the superior court, would vacate the judgment of the inferior tribunal. *Curtis* v. *Beardsley*, 15 Conn. 518; *Campbell* v. *Howard*, 5 Mass. 376. But if the appeal is in the nature of a writ of error, and only carries up the case to the court of appeals as an appellate court for the correction of errors which may have intervened on the trial of the case below, and for its adjudication upon the question whether the judgment appealed from should be affirmed, reversed, or modified, and that court has no other powers or duties than to affirm, reverse, or modify that judgment, or remit the case to the inferior tribunal that it may conform its judgment to that of the appellate tribunal, then such appeal, like an appeal under our laws, from the probate court to the superior court, does not vacate or suspend the judgment appealed from; and the removal of the case to the appellate court would no more bar an action upon the judgment than the pendency of a writ of error at common law, when that was the proper mode of correcting errors which may have occurred in the inferior tribunal. That such an action would not be barred by the pendency of such a proceeding is well settled. The judgment below is only voidable and stands good until set aside. *Case* v. *Case*, Kirby, 284; *Sloan's Appeal from Probate*, 1 Root, 151; *Curtis* v. *Beardsley*, 15 Conn. 523. By a reference to the laws of New York, and the decisions of that state, to which we have been referred, it clearly appears that the appeal now in question did not carry up the matter in controversy, in the case in which it was taken, to be retried in the court of appeals, as upon original process, but only presented the case to that tribunal for its revision, and that it had no jurisdiction except to affirm, reverse, or modify the judgment appealed from, and remit the case to the inferior tribunal. It was accordingly held, and in our opinion correctly, by Judge Nelson, in the United States Circuit Court for this district, at its September term, 1854, in *Seeley* v. *Pritchard*, that, under the laws and practice of the state of New York, a judgment was not impaired by an appeal, but that an action

of debt was sustainable thereon while the appeal was pending." *Bank of North America* v. *Wheeler*, 28 Conn. 423. See, also, *Suydam* v. *Hoyt*, 1 Dutcher N. J. 231; *Burton* v. *Reeds*, 20 Ind. 87; *Nile* v. *Compant*, 16 Ind. 107.

The Supreme Court of this State under our statute, presumably that of California under its, stands on the same plane with the New York court of appeals as described in the citation; and consequently it follows, that the appeal to the supreme court of California did not impair the effect of the judgment; and that so far as that point is concerned, the present action could be properly maintained thereon. The evidence offered then would have been, as objected, immaterial; it could not have served to prove any matter directly or indirectly defensive; so it was properly rejected.

The judgment and order appealed from are affirmed.

GARBER, J., did not participate in the foregoing decision.