[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant-appellees, Deborah Weinberger and Elizabeth Moss, co-executors of the Estate of Marion Weinberger, have moved to dismiss this appeal from the Probate Court, district of Watertown, on the ground that the appeal was not timely filed. The defendant-appellees filed their motions to dismiss on August 25, 2000, and the plaintiff-appellant filed its brief in opposition on December 1, 2000. The defendant-appellees also filed a supplemental memorandum on December 12, 2000.
 I.
On March 22, 2000, the Honorable F. Paul Kurmay issued a probate committee report containing certain findings of fact and law and recommended that the Probate Court for the district of Watertown (Probate Court) accept the findings of fact and law contained in the report. By decree dated March 30, 2000, the Probate Court (Geghan, J.) accepted the report and ordered it to be recorded on the records of the Probate Court. On May 11, 2000, the Probate Court (Geghan, J.) issued an amended decree wherein the March 30, 2000 decree was reiterated in its entirety; however, the decree further states that "[t]he parties are, hereby, ordered to comply with the recommendations contained in said report."
The plaintiff-appellant, Fleet National Bank (Fleet) appeals from the May 11, 2000 amended decree in the present action. Defendant-appellees move to dismiss the appeal on the ground that it was not filed within thirty days of the March 30, 2000 decree and that the May 11, 2000 decree relates back to that decree. The plaintiff-appellant opposes the motion on the ground that the May 11, 2000 decree constituted a modification of CT Page 3138 the earlier decree and thus this appeal was timely filed.
 II.
"Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court. . . ." General Statutes §45a-186; see Hoyt v. Brooks, 10 Conn. 188, 192 (1834). "An appeal under section 45a-186 . . . shall be taken within thirty days." General Statutes § 45a-187.
"Our legislation has always favored the speedy settlement of estates, and to that end has carefully limited the time within which such appeals . . . must be taken." (Internal quotation marks omitted.) Phinney v.Rosgen, 162 Conn. 36, 39, 291 A.2d 218 (1971). Late filing [of an appeal from probate is] an irregularity which makes the appeal voidable [and] is to be taken advantage of by a plea in abatement. . . ." Id., 41. "[T]he statute limiting the time for taking appeals from probate is a statute of limitation in the ordinary sense, and was intended primarily and principally to limit directly and absolutely the power of the probate court to allow an appeal after the time has passed or to affect the jurisdiction of the Superior Court over an appeal, so allowed, if not objected to in the proper way and at a proper time." Id.
"An appeal may be taken from any order, denial or decree of a Probate Court. In general, every act of the probate court is subject to revision by appeal. Probate appeals are not from the cause of action in toto, but only from some specific order, sentence, denial or decree." (Emphasis omitted; internal quotation marks omitted.) R. Folsom, Connecticut Estates Practice Series: Probate Litigation (1992) § 7:3, p. 249-50;Curtiss v. Beardsley, 15 Conn. 518, 523 (1843) ("it is only the order, sentence, denial, decree or judgment of a court of probate in the settlement of an estate, that may be appealed from"); Hoyt v. Brooks, supra, 10 Conn. 192.
General Statutes § 45a-128 (b) states that: "any order or decree . . . made by a court of probate may, in the discretion of the court, be reconsidered and modified or revoked by the court . . . to correct a scrivener's or clerical error. . . ." Id. "Upon any modification or revocation there shall be the same right of and time for appeal as in the case of any other order or decree." General Statutes § 45a-128 (c).
In support of its motion, the appellee cites to the case of Lillico v.Perakos, 152 Conn. 526 (1965). In Lillico, the Probate Court ordered a hearing that was limited to the sole issue of the decedent's domicile. Following that hearing, the court issued a decision that addressed not CT Page 3139 only the issue of domicile, but also issues of due execution and testamentary capacity. The court, after being alerted to its error, issued an amended decree, deleting that portion of the decree relating to issues other than domicile. The Supreme Court determined that the second decree was "a correction of the first decree . . . [that] did not modify or revoke the first judgment but [made] the record conform to the first judgment as actually rendered." Id., 532.
Unlike Lillico, the issue in the present case is not whether the amended decree invalidates the original decree, but whether the amended decree relates back to the original decree or whether it may be considered on its own. The amended decree from which this appeal is taken contains new language specifically ordering the parties to comply with the recommendations set forth in the committee report. While the original decree remains intact based on Lillico and is not part of the present appeal, the new order is substantive and severable from the original decree. Thus, it was proper to appeal from the new order contained in the amended decree within thirty days of its issuance.
Since the Probate Court order of May 11, 2000 constitutes a separate and distinct order from which an appeal can be taken and such appeal was timely filed, the defendant-appellees' Motions to Dismiss are denied.
Matasavage, J.