## Crossley's Estate.

Argued May 1, 1939. Be-
fore KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER, RHODES and HIRT, JJ.

*Leonard M. Boehm,* with him *Joseph S. D. Christof,*
for appellant.

*Robert H. Ireland,* with him *E. P. Curran,* for appel-
lees.

OPINION BY HIRT, J., July 13, 1939:

Irene Crossley, the decedent, was twice married. By
her first marriage with Martin A. Powell she bore a
daughter, Evelyn Powell, who on July 21, 1894, was
legally adopted by Edward Allen and wife, by decree of
the Probate Court of Muskingum County, State of Ohio.
By the decree of adoption Evelyn Powell took the name
of her adopting parents, and later married John M.

LaShelle. Two children were born of this union, Edward Allen LaShelle and John Morris LaShelle, appellants herein, now residing in Zanesville, Ohio. The decedent, after the death of her first husband, married one Crossley, who died during her lifetime. Irene Crossley was a resident of the State of Pennsylvania when she died intestate on February 4, 1936. The estate on distribution, was awarded to a sister of decedent and to the children of a deceased sister, as next of kin, to the exclusion of appellants.

This appeal, from an order dismissing appellant's petition for a review of the decree of distribution, raises the question of the right of the natural grandchildren to take from the estate of their grandmother under the intestate laws of this state, notwithstanding the adoption of their mother in the State of Ohio by adopting parents not of the blood of decedent.

By the terms of the decree of adoption in Ohio the mother of the appellants became "to all intents and purposes" the child of Edward Allen and Mattie E. Allen, the adopting parents, but in that proceeding no right to inherit from or through the natural parent was reserved as in *Hall's Estate*, 20 D. & C. 214. Notwithstanding that fact, it is conceded that under the laws of the State of Ohio a legally adopted child may inherit from natural parents or other kin, and that right has been uniformly upheld in appellate courts of that state. The law of Ohio in this respect is in violent conflict with Section 16 (b) of the Intestate Act of June 7, 1917, P. L. 429, which provides: "Adopted persons shall not be entitled to inherit or take from or through their natural parents, grandparents, or collateral relatives, but each adopted person shall have all his or her rights under this act in the estates of his or her spouse, children, and descendants."

There is lack of unanimity in the decisions of the various states determining conflicts of law between the state of adoption and the state where the right to inherit is

asserted. One view is that the law creating the status controls the right of inheritance though inconsistent with the law of decedent's domicile or situs of the property. To the contrary are the decisions of those states which hold that the law of the situs of the property or of the decedent's domicile, controls. See cases collected in 73 A. L. R. 964-980. We are all of the opinion that the latter rule has the better foundation in reason.

The right to transmit or to receive property by will or through intestacy is not a natural right, but a creature of statutory grant: *Tack's Est.* 325 Pa. 545, 191 A. 155; *Carroll's Est.* 219 Pa. 440, 68 A. 1038. The act of adoption creates but a status, viz: that of parent and child, and it is a general rule that the validity of the adoption is governed by the laws of the state which created it, and the adoption decree of the court of another state under the Federal Constitution is entitled to full faith and credit: 1 Am. Jur. 627, Sec. 10. Appellants' status as adopted children, therefore must be recognized, but only with the rights incident to that status under the laws of Pennsylvania. The intent of Section 16 (b) of the Intestate Act, supra, is that it shall apply to adopted persons generally, whether the persons were adopted under the laws of the State of Pennsylvania or elsewhere. To hold otherwise would create a power in another state to limit and nullify the authority of this state to determine for itself how property shall descend on intestacy.

The property for distribution in this estate was personalty, and the common law rule is that personal property has no situs but follows the person of the owner and is distributed according to the intestate laws of the owner's domicile. "This rule has been universal for so long a time that it may now be said to be part of the jus gentium." And the laws of other states have no bearing except as that state expressly or tacitly adopts them. 11 Am. Jur. 368, Sec. 82; 18 C. J. 810; 12 C. J. 476. "This is a question of descent, and not

one of status, and as such will be governed by the lex rei sitae or lex domicilii decedentis. This does not seem to be inconsistent with the rule that the status acquired by adoption in a state, together with its incidents, will be recognized in another state; for the state of the place of the property, in denying him the right to inherit, is not denying his status as an adopted child, nor even the incident of that status (for rights of inheritance as to property located in the state of adoption are still recognized), but is merely giving effect to its statute of inheritance prescribing the class of person who shall or shall not take property there located. This view seems to be eminently sound." 73 A. L. R. 973.

We therefore conclude that the above restriction of the Intestate Act applies to "adopted persons" wherever adopted, and to persons claiming through them and since decedent was domiciled in this state at the time of her death the distribution of her estate is governed by the Intestate Act of this state and appellants are not entitled to share in the estate.

Order affirmed at appellants' costs.