**LITTLE v. IRELAND.**

No. 1093.

District Court, D. Idaho, E. D.

Nov. 20, 1939.

Anderson, Bowen & Anderson, of Pocatello, Idaho, for plaintiff.

L. E. Glennon and A. L. Merrill, both of Pocatello, Idaho, and James M. Ballard, of Seattle, Wash., for defendant.

CAVANAH, District Judge.

The plaintiff instituted this suit to recover the sum of $100,000 as damages for the loss of her Father and Mother, who were killed in an automobile accident with an automobile operated by the defendant Ireland, occurring about one and a half miles

east of the town of Bliss, Idaho, on a main highway, between the hours of seven and eight o'clock P.M. on July 17, 1937. A trial by jury was not requested and the case was tried before the Court. At the close of the plaintiff's case she dismissed the defendant Black.

Considerable testimony was presented as to how the accident occurred and as to the positions of the parties immediately before and at the time of the collision. It seems that C. W. Rohn and Lucy M. Rohn, aged forty-nine and fifty-three years, husband and wife, were traveling in a Ford automobile, operated by C. W. Rohn, in an easterly direction on a main highway, and after coming out of a depression in the highway to the east and passing over a crest in the road for about 100 or 150 feet they met the defendant Ireland's car, and a collision occurred. It is evident that the Rohn car which was traveling in an easterly direction, was, after coming out of the depression and passing over the crest in the highway, traveling on the right side of the center line of the highway.

According to the physical conditions of the highway and the manner in which the parties were operating their cars on it, the testimony of the witnesses Bostwicks, who appear to be disinterested in the controversy, is that immediately before the time of the collision, the Rohn car was on his right side of the highway, and at the time of the collision the defendant Ireland's car was straddling the center line of the highway, and immediately before the accident and before reaching the point of collision the defendant Ireland was driving his car behind the Bostwick car and about 100 or 150 feet from the crest in the highway he immediately and without warning swayed his car to the left and passed the Bostwick car when traveling at a rate of speed of about 60 miles per hour, by clipping the left front fender of the Bostwick car with his back fender and then it was about fifty feet until the collision occurred.

The witness Buckingham, who was driving a car ahead of the defendant Ireland's car, had passed over the crest in the road, going west, and immediately met the Rohn car going east, and then Mrs. Buckingham heard a screeching of the brakes of the Rohn car, and Rohn put on the brakes and the car skidded across the road.

The sun was low and the highway was located so that one driving in a westerly direction would face the sun. Both of the Bostwicks, who were the closest persons to those driving the automobiles, stated that they merely got a glimpse of the automobile occupied by the Rohns before the crash occurred. There is no doubt but what that is the first time Rohn saw the automobile of the defendant traveling toward him, straddling the center line of the highway, at a rate of speed of about 60 miles per hour, and was the first time also that he saw the Bostwick automobile facing him, which might have caused him to immediately apply his brakes thereby causing his automobile to sway to the left and made the skid marks in the highway, a moment before the Ireland automobile struck him on the side. The presence of the two horses in the highway would not cause any negligence on the part of Rohn as they were too far east of the place where the accident occurred. So considering the facts thus referred to and all the testimony and circumstances, it is evident that the defendant Ireland, when in operating his automobile before and at the time of the accident was, under the laws of the state, driving it recklessly and negligently when he was operating his automobile behind and in passing the Bostwick automobile at the place and at such a high, unlawful, rate of speed, neither his left nor his right side was visible and free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety, and especially in passing another vehicle proceeding in the same direction upon the crest of a grade where the driver's view along the highway is obstructed within a distance of five hundred feet.

The provisions of the state statute relating to the restrictions as to speed in the operation of an automobile upon the highway and the limitations when overtaking and passing another vehicle are section 48-504 and section 48-513, Code 1932.

Section 48-504 provides: (a) "Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person." And (b) 8 of said section provides, that it would be unsafe and unlawful to operate an automobile more than 35 miles per hour under all other conditions than those provided for

in the statute, which would apply to the conditions appearing in the present case.

Section 48-513 relating to the overtaking and passing of another vehicle provides: "a. The driver of a vehicle shall not drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety. b. The driver of a vehicle shall not overtake and pass another vehicle proceeding in the same direction upon the crest of a grade or upon a curve in the highway where the driver's view along the highway is obstructed within a distance of five hundred feet."

■Had the defendant adhered to the statute of the State he could have seen the Rohn automobile as it came over the crest of the grade along the highway and the chances are that the accident would not have occurred. He was driving directly toward the setting sun, shining into the front of his automobile when approaching the crest of the grade and at an unlawful rate of speed and when in doing so, under the evidence, he disregarded the safety of others. This peril was caused by his fault and placed the Rohns in a position of imminent danger and peril which brings the case under the rule recognized by the Supreme Court of Idaho, where it is said, in the case of Stuart v. McVey, 59 Idaho 740, 87 P.2d 446,—in quoting from the case of Schneider v. Market St. Ry. Co., 134 Cal. 482, 66 P. 734, 738: " 'If the plaintiff is suddenly put into peril, without having sufficient time to consider all the circumstances, he is excusable for omitting some precautions, or making an unwise choice, under this disturbing influence, although, if his mind had been clear, he ought to have done otherwise. This is especially true if the peril is caused by the defendant's fault.' And of such case it is said: 'Even if, in bewilderment, he runs directly into the very danger which he fears, he is not in fault. The confusion of mind caused by such negligence is part of the injury inflicted by the negligent person.' "

The emergency was not of Rohn's making but was of the defendant Ireland's making.

This doctrine was also recognized by the Supreme Court of Idaho, in the case of Hamilton v. Carpenter, 49 Idaho 629, 290

P. 724. This principle is generally recognized by other Courts.

The further questions are urged by the defendant: First, that the negligence of Mr. Rohn is imputed to Mrs. Rohn and therefore the plaintiff could not recover for her death. This question is disposed of after the Court reached the conclusion that the defendant was negligent and Mr. Rohn was not guilty of contributory negligence and the right of recovery could be had under the evidence.

Second, it is urged that Mrs. Rohn died first and right of recovery vested immediately upon her death in her husband under the community property laws of Idaho, and therefore the right of action for her death was completely extinguished by his death and did not pass from him to his daughter, the plaintiff. But it is insisted by the plaintiff that under the Statute of Idaho, and the interpretation of it, as announced by the Supreme Court of the State that the right of recovery is for the benefit of the *heirs,* and the plaintiff, a daughter, is one. The statute of Idaho, giving the right to maintain an action for damages against the person causing the death is section 5-311 I C A, which provides: "When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death * * *". In the case of Whitley v. Spokane etc., R. Co., 23 Idaho 642, 132 P. 121, 122, the Court when in construing this statute held: "The word 'heirs,' as used in section 4100 of the Rev.Codes of this state, means such heirs as are entitled to inherit from a deceased person under the statute of this state."

It must be remembered under the statute referred to, this is not a community property recovery. The right of action is granted under that statute and is given to an heir. The moment that either member of the community is dead, there is no recovery to the community because it is thereby dissolved and the recovery is for the benefit of the heir after that, under the statute referred to.

We must not become confused when in considering the cases where there was an injury to the wife, and not involving death of the wife, with those where the death of a member of the community has occurred under the statute we are considering.

■ Having then reached the conclusion that the defendant Ireland was negligent which was the proximate cause of the death of the Father and Mother of the plaintiff, the reasonable amount of damages to be awarded to the plaintiff is the sum of $10,000 and costs.