## Zoell's Estate.

Argued October 2, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Eugene B. Strassburger,* with him *Eugene Strassburger, Jr.,* of *Strassburger & McKenna,* for appellant.

*Henry H. Hanna,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, November 23, 1942:

The question to be answered is: What are the inheritance rights of a child, adopted in New Jersey, in the estate of a natural collateral relative, dying intestate, domiciled in Pennsylvania, whose entire estate is located here, where the New Jersey decree of adoption reserved certain inheritance rights to the adopted child?

The answer is to be found in our Intestate Act of June 7, 1917, P. L. 429, Sec. 16(b), 20 PS §102, which reads: "Adopted persons shall not be entitled to inherit or take from or through their natural parents, grandparents or collateral relatives, but each adopted person shall have all his or her rights under this act in the estates of his or her spouse, children and descendants." Condensed it says: "Adopted persons shall not be entitled to inherit from their natural collateral relatives." There are no exceptions. The mandate is plain.

In the State of New Jersey, appellant, Helen M. Githens, who is the niece of George W. Zoell, the intestate, was adopted by a decree which sets forth that "the rights, duties, privileges and relations between [her] and her parents, lately deceased as aforesaid, shall be and are in all respects at an end, excepting the right of inheritance." *

It is contended in appellant's behalf, who was denied the right to participate in the distribution of the estate by the court below, that this reservation of her inheritance rights in the decree of adoption, enables her to successfully claim a share, one-half, of the estate of her natural uncle. We cannot accept this contention, because the language of our statute expressly forbids her participation in the estate. We recognize her status, as an adopted child of her foster parents, but our Intestate Act says that she, like all other adopted children, can-

---

* While this might be held to preserve only her inheritance rights from her parents, we do not desire to dispose of the case on this narrow issue.

not take anything from a natural collateral relative. A New Jersey decree, or a statute of that State, to which the decree gives effect, cannot alter our positive law. The full faith and credit clause of the Federal Constitution requires us to recognize only her status as adopted. What we are dealing with is a question of descent, not one of status. "The state of the place of the property, in denying him the right to inherit, is not denying his status as an adopted child, nor even the incident of that status (for rights of inheritance as to property located in the state of adoption are still recognized), but is merely giving effect to its statute of inheritance prescribing the class of persons who shall or shall not take property there located:" 73 A. L. R. 974. To which may be added, that that is the function, solely of the State of the domicile of the intestate or of the property's location. As to personal property, which is what is here involved, it follows the person of the owner and is distributable according to the intestate laws of his place of domicile. The Restatement, Conflict of Laws, Sec. 305(b), thus states the rule: "If the law of the state of the decedent's domicil allows an adopted child to take a distributive share, a legally adopted child will take a share although the law of the state of adoption or of the state where a chattel is provides otherwise. If the law of the state of the decedent's domicil does not allow an adopted child to take a distributive share, he cannot do so, although the law of the state of adoption or of the state where a chattel is would allow him to take."

In *Crossley's Estate,* 135 Pa. Superior Ct. 524, 7 A. 2d 539, in which the quotation from 73 A. L. R. 974, appears, a similar question to that we are confronted with was passed upon. There, two natural grandchildren claimed the right to inherit from their natural grandmother. The mother of the claimants was the natural daughter of the decedent, and had been adopted under an adoption decree in the State of Ohio. In that State, a legally adopted child can inherit from its natural relatives. It was held,

that the claimants had no standing to share in the distribution of the grandmother's estate, that the Pennsylvania statute controlled, and the Ohio law was without effect. Little, if anything, can be profitably added to the well-reasoned view of the law, expressed in the able opinion of Judge HIRT in that case. See to the same effect, *Burnett's Estate*, 219 Pa. 599, 69 A. 74.

The incongruity of holding other than as we do, is manifest in this very proceeding, in which natural grand-nephews and nieces of the intestate, who were adopted in Pennsylvania, admittedly can take nothing, because of the forbidding provisions of our law. It might well be, if we decided otherwise, that if two sons of deceased parents were adopted, one in Pennsylvania, and the other in New Jersey, the child adopted in Pennsylvania could claim nothing from the estate of a natural collateral, dying domiciled in Pennsylvania, whereas the brother in New Jersey might claim and receive all.

The decree is affirmed at appellant's cost.