## Bloom Estate

*Robert Stuckenrath,* for Carl E. Orner.
*Siegel & Siegel,* for Bessie Bindewald.

UTTLEY, P. J., April 22, 1948.—This case comes before us upon the certification by the Register of Wills of Mifflin County of the record of the above estate to the court for the determination of a disputable and difficult matter concerning the kindred of Charles C. Bloom, decedent, and the right to letters of administration on his estate, under the provisions of the Register of Wills Act of June 7, 1917, P. L. 415, sec. 19, 20 PS §1982, which, by stipulation of counsel, is

to be heard by the court as if on appeal from the decision of the register of wills granting letters of administration on said estate to Bessie Bindewald.

Charles C. Bloom died intestate, unmarried and without issue. The register of wills, on November 15, 1947, issued letters of administration on the estate of Charles C. Bloom, deceased, to Bessie Bindewald, a first cousin of decedent, the said Bessie Bindewald being the daughter and only heir of George Bloom, deceased, who was a brother of William Bloom, deceased, the father of Charles C. Bloom, decedent. On February 16, 1948, on the petition of Carl E. Orner, a nephew of the half blood of Charles C. Bloom, decedent, the said Carl E. Orner being the son of Frances Irene Orner, the half sister of Charles C. Bloom, deceased, a citation was issued by the register of wills directed to Bessie Bindewald, commanding her to show cause why the letters of administration on the estate of Charles C. Bloom, decedent, issued to her by the Register of Wills of Mifflin County should not be revoked.

To the petition of Carl E. Orner and the citation issued thereon, Bessie Bindewald filed her answer asserting her right as the first cousin and only heir of Charles C. Bloom, to the letters of administration issued to her on his estate.

On February 24, 1948, by the written stipulation of counsel for both parties, filed of record in the case, all errors, irregularities and defects in the above certification by the register of wills, as well as all questions relating to the jurisdiction of orphans' court in this proceeding are waived and it is agreed that the orphans' court shall proceed to hear said proceeding in the same manner as if it had been brought into court by appeal from the decision of the register of wills granting the letters of administration on the estate of Charles C. Bloom, deceased, to Bessie Bindewald.

312

At the hearing March 25, 1948, the facts in the case were agreed upon and dictated to the court reporter by counsel for both parties and the reporter has transcribed and filed the same of record.

Frances Irene Orner, above named, was born March 15, 1880, the illegitimate child of Michael Bloom and Ella W. Ziegler, and known as Frances Irene Bloom. Ella W. Zeigler, mother of Frances Irene Bloom, subsequently, on September 2, 1883, married William W. Bloom, to whom she had a son, Charles C. Bloom, decedent, who survived Ella W. Bloom and William W. Bloom as their only child.

On January 14, 1884, by proceedings in the Court of Common Pleas of Mifflin County to no. 93, January term, 1884, Frances Irene Bloom was adopted by D. Porter Burns and Annie E. Burns, his wife, both strangers to the blood of Charles C. Bloom, decedent, and in accordance with the decree of adoption assumed the name of Frances Irene Burns, with all the right of a child and heir of the said D. Porter Burns and Annie E. Burns, his wife. On June 14, 1894, Frances Irene Burns married Wilson A. Orner, and she and her husband both died intestate leaving to survive them Carl E. Orner as their only child and heir.

It is admitted that if Frances Irene Bloom, who by adoption became Frances Irene Burns, and later by marriage became Frances Irene Orner, had not been adopted by D. Porter Burns and Annie E. Burns, his wife, she would have inherited from decedent through her mother, Ella W. Zeigler Bloom, and her son, Carl E. Orner, there being no distinction between the whole and the half blood, would have been the sole heir of his half uncle, Charles C. Bloom, decedent, and entitled to letters of administration on his estate under the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §343.

It is also admitted that respondent, Bessie Bindewald, is the only first cousin of Charles C. Bloom, decedent, and if Carl E. Orner, the half nephew of decedent, by reason of the adoption of his mother, the former Frances Irene Bloom, by D. Porter Burns and Annie E. Burns, his wife, has no right of inheritance from his half uncle, Charles C. Bloom, deceased, then Bessie Bindewald is the only heir of Charles C. Bloom, deceased, and was properly granted letters of administration on his estate under the section of the Fiduciaries Act above cited.

The sole question here for the court, therefore, is whether the adoption of the former Frances Irene Bloom, mother of Carl E. Orner, by D. Porter Burns and Annie E. Burns, strangers to the blood of decedent, deprives Carl E. Orner, as the son of Frances Irene Burns Orner and grandson of Ella W. Zeigler Bloom, of his right of inheritance as the half nephew and heir of Charles C. Bloom, decedent.

The Intestate Act of June 7, 1917, P. L. 429, secs. 16(a) and 16(b), 20 PS §§101 and 102, as amended by the Act of July 21, 1941, P. L. 424, 20 PS §102, reads as follows:

"(a) Any minor or adult person adopted according to law, and the adopting parent or parents, shall respectively, inherit and take, by devolution from and through each other, personal estate as next of kin, and real estate as heirs, under the provisions of this act, *as fully as if the person adopted had been born a lawful child of* the adopting parent or parents." (Italics supplied.)

"(b) The person adopted shall, for all purposes of inheritance and taking by devolution, be a member of the family of the adopting parent or parents. The adoptive relatives of the person adopted shall be entitled to inherit and take from and through such person, *to the exclusion of his or her natural parents, grandparents, and collateral relatives;* but the sur-

viving spouse of such adopted person, and the children and descendants of such adopted person, shall have all his, her and their respective rights under this act. *Adopted persons shall not be entitled to inherit or take from or through their natural parents, grandparents, or collateral relatives,* but each adopted person shall have all his or her rights under this act in the estates of his or her spouse, children, and descendants: Provided, That in cases where a natural parent having a child, legitimate or illegitimate, has thereafter intermarried or shall hereafter intermarry with another, and such other spouse adopts the child of the natural parent, the natural parent shall retain his or her prior status, and for purposes of inheritance and devolution the adopted child and the natural parent shall be entitled to take from and through the other and be regarded in law as the heir of the other." (Italics supplied.)

It would seem clear, without citing any other authority than the sections of the Act of 1917 above quoted, that an adopted person not only is deprived of inheritance from or through his or her natural parents, grandparents and collateral relatives, but also that the natural parents, grandparents and collateral relatives cannot inherit from or through the adopted person where the adopting parents, as here, are strangers to the blood of decedent.

Notwithstanding what seems to us to be the clear meaning and extent of the sections of the Intestate Act of 1917, above quoted, there was, prior to the decision in Cave's Estate, 326 Pa. 358, what Justice Stern recognized as a "confused state of judicial expression" upon this subject. What led to this confusion was the statement in the per curiam opinion in Reamer's Estate, 315 Pa. 148, 150, "that the estate which an adopted child is entitled to have is limited by statute, to one which comes 'from and through' the adopting parent, and that an estate in which the

latter never had any interest, cannot possibly go to the adopted child since it cannot be derived 'from' or 'through' the adopting parent''. Decedent in that case left to survive her first cousins as her only blood relatives and the adopted daughter of a deceased sister, said adopted daughter not being of the blood of decedent. While the decision in Reamer's Estate that the adopted child was not entitled to letters of administration was correct under the Fiduciaries Act of June 7, 1917, P. L. 447, sec 2(c), as amended 20 PS §343, the clause of the per curiam opinion in that case, above quoted, was held by Justice Stern to be wrong and to be regarded purely as dictum.

In Cave's Estate, supra, decedent died intestate, unmarried and without issue, leaving to survive him four nephews and the adopted daughter of another nephew. The court below rejected the claim of the adopted daughter of the deceased nephew to the one fifth of decedent's estate and was reversed by the Supreme Court, who held that an adopted child has the same right of inheritance from collateral kindred of his adoptive parents as a natural child of such parents would have. The Supreme Court, speaking through Justice Stern, after discussing at length and clarifying the meaning of the words "from" and "through" in section 16(a) of the Interstate Act of 1917, above quoted, then said:

"The language of clause (a) of section 16 is greatly strengthened and emphasized by that of clause (b). Nothing could be more sweeping than the provisions: 'The person adopted shall, for all purposes of inheritance and taking by devolution, be *a member of the family of the adopting parent or parents. . . .* Adopted persons shall not be entitled to inherit or take from or through their *natural* parents, grandparents or collateral relatives, . . .' This severs the child from his natural family tree and engrafts him upon that of his new parentage 'for *all* purposes of in-

heritance.' The evident purpose of this legislation is lost by the interpretation given to the act by the court below." (Italics supplied.)

It should be noted that in both Reamer's Estate and Cave's Estate, supra, the adopting parents were of the blood of decedent from whom the inheritance was claimed, while in the case at bar the adoptive parents are strangers to the blood of decedent.

Cave's Estate is followed in Fisher v. Robinson, 329 Pa. 305, where it is held that where any person is adopted according to law the adoptive relatives of the adoptee are entitled to inherit and take from and through the adoptee to the exclusion of his or her natural parents, even though at the time of the adoption the natural mother of the adoptee was the wife of the adopting parent. Since the decision of Fisher v. Robinson, supra, the law has been changed by the amendment of 1941, supra, to meet the particular situation described in that case.

Under the above cases, where the adoptive parents are of the blood of decedent from whom the inheritance is claimed, the adopted person inherits through them from decedent. That is, in such case there is a merger of the adoptive and the natural inheritance, and the adopted person takes whatever the adoptive parent would have taken if living. Where, however, both of the adopting parents are strangers to the blood of decedent from whom the inheritance is claimed, as in the case at bar, the severance of the adopted person from the natural family tree and his engrafting on the adoptive family tree is complete and the adopted person can inherit only from and through his adoptive parents for the act says he "shall not be entitled to inherit or take from or through" his "natural parents, grandparents or collateral relatives".

The case at bar is clearly ruled by Crossley's Estate, 135 Pa. Superior Ct. 524, in which it was held that natural grandchildren cannot take from the estate

of their grandmother under the Intestate Laws of Pennsylvania, where their mother was adopted by adopting parents not of the blood of decedent. In the instant case, the son of a mother, adopted by strangers to the blood, seeks to inherit through his mother and his natural maternal grandmother from his natural half uncle, the natural half brother of his adopted mother. The only difference between this and Crossley's Estate, supra, is that in the case at bar decedent is just one degree further removed on the family tree than in Crossley's Estate. The principle, however, is the same. Crossley's Estate, supra, is cited with approval in Zoell's Estate, 345 Pa. 413, 414, where the Supreme Court, after quoting the last clause of section 16 (b) of the Act of 1917, states: "Condensed, it says: 'Adopted persons shall not be entitled to inherit from their natural collateral relatives.' There are no exceptions. The mandate is plain."

For the reasons above given we are of the opinion that Carl E. Orner cannot inherit from his half uncle, Charles C. Bloom, decedent, because of the adoption of his mother, Frances Irene Burns Orner, formerly Frances Irene Bloom, by D. Porter Burns and Annie E. Burns, his wife, strangers to the blood of Charles C. Bloom, decedent, and that therefore Bessie Bindewald, the only first cousin, is the sole heir of Charles C. Bloom, decedent, and entitled to letters of administration on his estate.

### Decree

Now, April 22, 1948, after hearing and upon due consideration, for the reasons given in the foregoing opinion, the petition of Carl E. Orner and citation issued thereon for the revocation of the letters of administration on the estate of Charles C. Bloom, deceased, granted by the Register of Wills of Mifflin County to Bessie Bindewald, and the above proceeding and appeal from the order of the Register of Wills of Mifflin County granting said letters of administration

318

to Bessie Bindewald are hereby discharged and dismissed; the cost of this proceeding to be paid by Carl E. Orner, petitioner and appellant. To this opinion and decree Robert Stuckenrath, Esq., attorney for Carl E. Orner, petitioner and appellant, excepts and a bill of exception is sealed for petitioner and appellant.