DAVID M. BOWER, GEORGE H. BOWER AND MARY B. UPSON, APPELLANTS, *v.* ANASTASIO MARTIN LANDA, THE UNION ICE COMPANY OF NEVADA, A CORPORATION, AND DAVID NEAL MORSE, ALSO KNOWN AS DAVID BOWERS, BY HIS GUARDIAN AD LITEM, FREDERICK L. HILL, RESPONDENTS.

No. 4449

May 16, 1962                                    371 P.2d 657

*R. P. Wait & E. J. Wait, Jr.*, of Reno, for Appellants.

*Woodburn, Forman, Wedge, Blakey and Folsom*, and *Clinton E. Wooster*, of Reno, for Respondents.

*Goldwater, Taber and Hill*, and *Wayne L. Mortimer*, of Reno, for Intervener-Respondent.

*Bryce Rhodes*, of Reno, Amicus Curiae.

## OPINION

By the Court, McNAMEE, J.:

Clifford W. Bower and his wife, Virginia B. Bower, were killed in an automobile-truck collision near Winnemucca, Nevada, on July 23, 1959. The action below is one

for the wrongful death of Clifford W. Bower, wherein David M. Bower, George H. Bower, and Mary B. Upson, the surviving brothers and sister of Clifford W. Bower (also known as Clifford W. Bowers) are plaintiffs. The defendants are Landa, the driver of the truck, and his alleged employer, The Union Ice Company of Nevada, a corporation. David Neal Morse, also known as David Bowers, was permitted to intervene upon his allegation that he is the adopted son and sole heir of Clifford Wilson Bower, and therefore the only proper plaintiff in an action for the wrongful death of Clifford. He also filed a separate action for the wrongful death of Clifford with which we are not concerned at this time.

The defendants below and the intervener moved for and were granted a summary judgment against the plaintiffs, appellants herein. This judgment has the legal effect of determining that David Neal Morse is the proper surviving heir to bring the wrongful death action.

The facts upon which the lower court based its conclusions are as follows: David Neal Morse was the illegitimate child of Phyllis Ball, who died in childbirth, and who was the niece of Virginia B. Bower. The child lived with his maternal grandparents from 1944 until 1947 when they gave him into the custody and control of Clifford and Virginia, under an oral agreement that Clifford and Virginia would adopt the child. Although Clifford and Virginia thereafter and until the time of their death cared for said child and treated him in all respects as their own, they never proceeded formally to adopt the child. After the death of Clifford and Virginia, Walker Bank & Trust Co. of Salt Lake City, with whom Clifford had been employed, notified Occidental Life Insurance Company of California, who was the insurer under a group policy covering Clifford, of Clifford's death, that he left no surviving wife or children, and that the parties entitled to the $10,000 death benefit were the said surviving brothers and sister. Occidental thereupon paid the $10,000 to the appellants.[1]

---

[1] Bryce Rhodes was permitted to file a brief on appeal as amicus curiae upon his showing that he is an attorney for Occidental Life Insurance Company of California; that after Occidental had paid

In August 1959, Walker Bank petitioned the probate court in Salt Lake City for letters of administration with the will annexed in the matter of the estates of Clifford and Virginia, and in said proceedings a determination of heirship was adjudicated under the following circumstances:

During the administration of said estates the case of In re Williams, 10 Utah 2d 83, 348 P.2d 683, was decided. In that case the Supreme Court of Utah stated:

"It is generally recognized that where a child's parents agree with the adoptive parents to relinquish all their rights to the child in consideration of the adoptive parents' agreement to adopt such child, and to care and provide for it the same as though it were their own child, and such agreement is fully performed by all parties connected with such contract except that there is no actual adoption, the courts will decree specific performance of such contract and thereby award to the child the same distributive share of the adoptive parents' estate as it would have been entitled to had the child actually been adopted as agreed."

Thereupon the Walker Bank filed in said estate proceedings a "PETITION FOR DETERMINATION OF THE PERSONS WHO ARE HEIRS OF DECEDENT ENTITLED TO DISTRIBUTION." The petition alleges that at the time of the filing of the petition for letters of administration with the will annexed[2] the petitioner, Walker Bank & Trust Co., believed that the heirs were those named in the petition; that the decision in the Williams case requires a determination of heirship prior to distribution; that there was an agreement between Clifford and Virginia to adopt David Bowers; and that because of said agreement David Bowers is in fact the

the $10,000 death benefit to the appellants, David Bowers (David Neal Morse) commenced an action in Nevada against Occidental claiming that he as the adopted child and sole heir of Clifford W. Bowers was entitled to the $10,000 death benefit; and that the result of this appeal will vitally affect the disposition of that action. His brief naturally sustains the position of the appellants.

[2]On this appeal we are concerned with Clifford's estate in Utah only. His will named Virginia as the sole beneficiary, but because of her simultaneous death, the surviving brothers and sister of Clifford were alleged to be the heirs.

adopted child of decedent and his wife and the sole heir of Clifford entitled to distribution as such. The prayer of the petition prays that the court enter its decree determining the "status" of David Bowers and the heir or heirs of decedent.

Upon the hearing of the petition, David Bowers, the brothers and sister of decedent, Union Ice Company, and Landa all appeared through counsel.

The Utah probate court in that proceeding found that there had been an agreement (between Clifford and Virginia on the one hand and the maternal grandparents of said minor on the other) under the terms of which the maternal grandparents released their custody and control of the minor to Clifford and Virginia in consideration of their agreement to adopt said child. From said findings it concluded that the agreement to adopt "shall be considered as having been fully performed, thereby making David Bowers, a minor, the sole heir at law of the estates of Clifford W. Bowers and Virginia B. Bowers, and as such entitled to the distribution of their estates." The court thereupon decreed "That David Bowers, a minor, be and he is hereby declared the adopted child of Clifford W. Bowers and Virginia B. Bowers, the decedents above named, and their sole heir entitled to distribution of their estate."

Intervener contends that the probate decree aforesaid, being in rem, establishes his status as the adopted child of Clifford and Virginia, and his further status as their sole heir.

In answer thereto appellants maintain that the probate court, in decreeing that David Bowers "be and he is hereby declared the adopted child of Clifford W. Bowers and Virginia B. Bowers * * * and their sole heir," clearly went beyond the holding in the Williams case; that it had no jurisdiction to declare the status of the minor child; that an "adopted" status could be decreed only through the statutory adoption procedures; and that the probate court's jurisdiction was limited to a determination of the party or parties entitled to the distribution of the particular estate in question. To this, the intervener replies that even if the probate court went

beyond the holding in the Williams case its decree is final, no appeal having been taken therefrom, and therefore it must be accorded full faith and credit by the courts of Nevada.

The Williams case does not hold that proof of a contract of adoption which has been fully performed with the exception of obtaining the decree of adoption ipso facto results in the adoption of the subject child.

"The decisions of the courts have not been unanimous in respect to the enforcement of such contracts. Those courts which will decree specific performance of a contract to make the child an heir, or to adopt with the incidental right of inheritance, do not undertake to alter the status of the parties or to hold that the child takes as an heir, since they generally agree that equity does not have power to decree an adoption. Rather the relief allowed derives from the power of equity to enforce a contract fully performed on one side by decreeing performance of the promise of inheritance even if only implied from the agreement to adopt. * * * A minority takes the position that no rights are conferred where the statute is not fully complied with, hence no adoption, no inheritance." 10 Md.L.Rev. 76–77.

It is our opinion, therefore, that the Utah probate court purported to determine only what person or persons was or were entitled to have distribution of the estate in Utah and having before it the agreement to adopt, it considered as done that which should have been done, and treated David Bowers as an adopted child and as such the sole person entitled to inherit the Utah estate. It went no further than this, and although the prayer asked for a determination of the status of David Bowers, the word "status," as so used, means his status only with reference to his being entitled to the Utah estate and was not meant to be and was not determinative of his rights and duties other than those which might flow from an agreement to adopt.

Under the full faith and credit clause, Nevada would be required to recognize the Utah judgment insofar as

it holds that agreements to adopt are specifically enforceable in Utah and, as such, would entitle the subject of such an agreement to have the same rights of inheritance in Utah as a natural child. In the present case it is not necessary to determine whether the Utah decree constitutes a determination in rem of the status of David Bowers, or whether we must give full faith and credit to the Utah decree so as to consider David Bowers as the adopted child and heir of Clifford and Virginia for all purposes.[3] We will however recognize the Utah decree insofar as it adjudicates that there was a valid contract to adopt, because the existence and validity of the contract to adopt were properly before the Utah probate court for adjudication. With all of the parties in this action appearing in that proceeding, that court's determination that there was a valid contract to adopt becomes res judicata in this action.

Under the Williams case, Utah follows the weight of authority and will enforce such contracts specifically. We are of the opinion that Nevada should do likewise. This being true, if Clifford had left any estate in Nevada, David Bowers would have been entitled to inherit from decedent to the same extent as if he had actually been adopted as agreed. Annots., 171 A.L.R. 1315; 142 A.L.R. 84; 27 A.L.R. 1325; In re Williams, supra.

Our only remaining problem is whether the doctrine of equitable adoption should be extended so as to permit the subject thereof to sue for wrongful death.[4]

Although there are authorities to the contrary (Smith v. Atlantic Coast Line R. Co., 212 S.C. 332, 47 S.E.2d

[3]The full faith and credit clause of the Constitution of the United States requires only that a court recognize the adoption status of a child adopted in another state; it does not compel one state to recognize the law of a foreign state with respect to the effect of adoption on the scheme of intestate succession. In re Zoell's Estate, 345 Pa. 413, 29 A.2d 31.

[4]The answer to this question is independent of whether the doctrine should be extended to other situations, for example, so as to permit or deny inheritance from blood relatives of the adoptive parents or from blood relatives of the child. See 45 Iowa L.Rev. 159–163.

725; Weems v. Saul, 52 Ga.App. 470, 183 S.E. 661), we see no justification for refusing to extend the principles of equitable adoption so as to entitle the subject thereof to maintain an action for the wrongful death of his adoptive parents.

David Bowers being the sole beneficiary of Clifford would in legal effect be his sole heir. The word "heirs" used in the wrongful death statute (NRS 12.090) includes any person entitled to inherit the estate of a decedent. Little v. Ireland, D.C., 30 F.Supp. 653; Ginochio v. City and County of San Francisco, 194 Cal. 159, 228 P. 428; Evans v. Shanklin, 16 Cal.App.2d 358, 60 P.2d 554.

We conclude, therefore, that David Bowers has the right to maintain an action for the wrongful death of Clifford W. Bowers which is paramount to the rights of the surviving brothers and sister of Clifford.

Affirmed.

BADT, C. J., and GEORGETTA, D. J., concur.

THOMPSON, J., being disqualified, the Governor designated Honorable Clel Georgetta, Judge of the Second Judicial District, to sit in his stead.