**Margaret SONNER, Executrix of the Estate of Jose Porfirio Vazquez, Deceased, Plaintiff,**

v.

**John Pete CORDANO, Defendant.**

**Civ. No. 1622.**

United States District Court
D. Nevada.

Dec. 11, 1963.

Hepworth & Nungester, Buhl, Idaho, Joseph O. McDaniel, Elko, Nev., for plaintiff.

Vargas, Dillon & Bartlett, Reno, Nev., Moffatt, Thomas, Barrett & Blanton, Boise, Idaho, for defendant.

WOLLENBERG, District Judge.

This is a motion to dismiss an action brought for the alleged wrongful death of an Idaho resident killed in an automobile-truck collision in Nevada. Plaintiff, an Idaho resident and executrix of decedent's estate, is suing as the personal representative authorized to recover on behalf of decedent's heirs under the Nevada wrongful death statute. Defendant, a Nevada resident, moves to dismiss the action on the ground that a foreign executrix, who has not obtained an ancillary appointment from Nevada authorities, has no capacity to sue under the law of Nevada. Plaintiff argues in opposition that a wrongful death action brought by a foreign personal representative constitutes an exception to the general rule that a foreign representative has no capacity to sue outside the territorial jurisdiction of the court from which his appointment derives.

Jurisdiction of this court is invoked by the diversity of citizenship of the parties and the amount in controversy, both of which meet the requisites of 28 U.S.C.A. § 1332.

Fed.R.Civ.P. 17(b) makes it clear that the law of Nevada must control the disposition of this motion. Rule 17(b) provides, in part:

"The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. * * * In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held * * *."

The court must therefore determine how the law of Nevada affects plaintiff's capacity to bring this action.

The research of counsel and the court has not disclosed any case in which the Supreme Court of Nevada has ruled on the precise issue presently under consideration. Although both plaintiff and defendant have cited the early Nevada case of Rogers v. Hatch, 8 Nev. 35 (1872), as supporting their respective contentions, this case is of no assistance in determining how the Supreme Court of Nevada would decide the issue of plaintiff's capacity to sue. This being a matter of first impression in Nevada, the decision of this Court must attempt to forecast what the Supreme Court of Nevada would hold if confronted with the same issue.[1]

The provisions of the Nevada Revised Statutes which are applicable to this action, read in pertinent part:

"12.090 *Heirs, guardians, personal representatives may maintain action for death of adult.* When the death of a person not a minor is caused by the wrongful act or neglect of another, his heirs, or his personal representatives for the benefit of his heirs, may maintain an action for damages against the person causing the death * * *."

"41.080 *Liability for death by wrongful act.* Whenever the death of a person shall be caused by

---

1. See Ward v. Union Bond & Trust Company, 243 F.2d 476, 481 (9th Cir. 1957); Compania Engraw Com'l E. Ind. v. Schen-ley Dist. Corp., 181 F.2d 876, 879 (9th Cir. 1950).

wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the persons who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony."

"41.090 *Proceeds of judgment not liable for debt of deceased* * * *.

"1. The proceeds of any judgment obtained in any action brought under the provisions of NRS 41.080 and this section shall not be liable for any debt of the deceased, provided he or she shall have left a husband, wife, child, father, mother, brother, sister, or child or children of a deceased child."

■ The reference to "personal representatives" in N.R.S. § 12.090 does not make clear whether the Nevada Legislature intended to make any distinction between domestic as opposed to foreign representatives. Statutory language of this type is discussed in an extensive annotation in 52 A.L.R.2d 1048 (1957), where it is stated at 1052:

"The authorities are in conflict as to whether under a death statute of the forum which designates the personal representative (or administrator) as the proper person to bring the suit, the term 'personal representative' or its equivalent (administrator, executor) is broad enough to include a foreign personal representative."

The annotation contains numerous citations representative of both points of view, but summarizes this conflict of authority with the following statement:

"The better rule, sometimes referred to as 'the modern liberal doctrine,' seems to be that a foreign personal representative has the capacity to bring an action under the wrongful death statute of the forum where he sues as a statutory trustee for the exclusive benefit of beneficiaries designated in the statute, the proceeds recovered not being subject to claims of the deceased's creditors, while he has no such capacity where he sues for the benefit of the deceased's general estate." [2]

It should be pointed out that, in the present action, plaintiff is not suing for the benefit of the deceased's general estate, but is instead suing to recover for the benefit of the deceased's heirs, namely, his wife and children. N.R.S. § 41.090 provides that any recovery obtained by plaintiff will not be subject to the claims of the deceased's creditors.

The rationale supporting the so called "modern liberal doctrine" is perhaps best articulated in the often cited case of Wiener v. Specific Pharmaceuticals, Inc., 298 N.Y. 346, 351, 83 N.E.2d 673, 675–76, where the court said:

"The rule barring foreign administrators from our courts is just and reasonable *only* if applied in cases, first, where there are domestic creditors, and second, where the foreign administrator sues to recover a fund in which such creditors may share. Obviously, no prejudice threatens local creditors of the decedent if the wrongful death statute makes no provision for recovery on behalf of the general estate and, in fact, bars creditors' claims against the proceeds. Suing under such a statute, plaintiff acts, not as an officer of the foreign court appointed by it as alter ego for the estate, but as a trustee for the designated beneficiaries, the actual and real parties in interest. In such a case, the amount recovered truly constitutes a special fund for their exclusive benefit, and, since it is not subject to the claims of others, no danger exists that failure to require local qualification may

2. 52 A.L.R.2d 1048, 1051 (1957).

harm or prejudice domestic creditors. With the primary and, perhaps, only reason for the rule thus removed, the rule itself has no sensible application and should not be invoked in this class of case."

The above statement illustrates both the reasonableness of the "modern liberal doctrine" and its applicability to the present case. It remains for this court to determine, however, whether there is any reason why it should assume that the Supreme Court of Nevada would apply a different rule.

An earlier version of the Nevada wrongful death statute, which is substantially the same as the current statute, was construed by the federal court in Nevada in Perry v. Tonopah Mining Co., 13 F.2d 865 (D.Nev.1915). In Perry, the court said at 867:

"The common law afforded no remedy in damages for a wrongful death. Whatever standing plaintiff has in the present case must be found in the statutes of Nevada. The remedy, being wholly statutory, is exclusive. The statute provides the only measure of damages, and designates the only persons who can maintain such an action."

The foregoing analysis of the Nevada wrongful death remedy was reaffirmed by the Supreme Court of Nevada in Wells, Inc. v. Shoemake, 64 Nev. 57, 177 P.2d 451 (1947). The court's emphasis upon the exclusive nature of the statutory wrongful death remedy, and the designation of who may bring the action, seems to preclude by implication the applicability of the qualification requirements for administrators and executors, which are contained in a separate chapter of the Nevada Revised Statutes.[3]

In the recent case of Bower v. Landa, 78 Nev. 246, 371 P.2d 657 (1962), the Supreme Court of Nevada saw no difficulty in permitting a non-resident heir to bring an action under the Nevada wrongful death statute. The court said:

"The word 'heirs' used in the wrongful death statute (NRS 12.090) includes *any person* entitled to inherit the estate of a decedent." (Emphasis added.) [4]

The broad construction given to the term "heirs" also seems appropriate to the term "personal representatives". There is no reason to believe that the Supreme Court of Nevada would read into N.R.S. § 12.090 the word "domestic" before the term "personal representatives". If a non-resident heir can sue directly under the statute, it seems illogical to require that a personal representative, named in the statute as being authorized to sue on behalf of the heir, must meet additional qualifications outside the scope of the statute, merely because he too is a non-resident and was appointed to his representative capacity in a state other than Nevada. If such was the intent of the Nevada Legislature it is not evidenced in the language of the statute.

This court is of the opinion that the clearly better rule is to permit a foreign personal representative to maintain an action for the benefit of a decedent's heirs under the wrongful death statute of the forum. We find nothing in the law of Nevada which would preclude the application of this liberal rule in the present case. Indeed, the broad construction thus far given the Nevada wrongful death statute by the Supreme Court of Nevada leads us to conclude that, if this case was presently before that court, it would follow the liberal rule and acknowledge plaintiff's capacity to bring this action.

Accordingly, this court holds that plaintiff, as a foreign personal representative, does have capacity to prosecute this action under the Nevada wrongful death statute. Defendant's motion to dismiss is hereby denied.

3. N.R.S. § 138.020 sets out the qualifications necessary for a person to serve as an executor, and N.R.S. § 139.010 sets out the qualifications necessary for an administrator.

4. 78 Nev. at 253, 371 P.2d at 661.