## Willis Trust

*Dechert, Price & Rhoads,* for accountants.

*Eugene Edward J. Maier,* for guardian and trustee ad litem, p.p.

*Judith J. Jamison,* for Commonwealth.

KLEIN, A. J., March 26, 1973.—The reason for filing the present account is the death on November 6, 1970, of Louise O. Adams, one of the life income beneficiaries, whereupon, under the terms of the deed of trust a portion of the principal from which she was receiving the income became distributable. C. Willis Adams, Jr., is stated to have been appointed executor of her estate.

The trust arises under a deed dated March 7, 1930, as amended from time to time, prior to settlor's death

on May 15, 1956. The deed provided that Louise O. Adams was to receive the income from one-third of the principal and that upon her death that one-third share of principal was to be divided into three parts, two parts to continue in trust for the benefit of her children, C. Willis Adams, Jr., and Louise A. Donner, and that upon the death of a child, the principal from his or her share is to be paid to his or her issue. The remaining one-third part is now distributable to the issue of James C. Adams, son of Louise O. Adams, who died in 1958, namely, James C. Adams, Jr., Steven St. L. Adams, Kurt J. Adams and Peter A. Adams Nice. All of the distributees are sui juris except Peter A. Adams Nice, who was born December 25, 1956. In accordance with the provisions of article Fourth of the amendment to the deed of trust dated June 3, 1947, his share will continue in trust until his majority, provided he qualifies as "issue" of his natural father. . . .

The accountants have presented for adjudication a question as to the status of Peter A. Adams Nice, who was adopted in Alabama by Charles M. Nice, Esq., his first cousin once removed, after the death of his father, James C. Adams. The question is whether a child continues to inherit from his natural lineal ascendants as one of a class of "issue" after adoption by a person not in his stirpital line. The accountants take the position that he does.

By decree of Lefever, J., dated October 5, 1972, Eugene Edw. J. Maier, Esq., was appointed guardian ad litem for minors and trustee ad litem for all unborn and unascertained interests. Mr. Maier filed a written report in which he discussed the status of Peter and expressed his agreement with the position taken by the accountants. He also recommended that the account be approved. Following the death of Judge Lefever, the account was assigned to the present auditing judge.

Our own examination of the question raised by the accountants leads to the same conclusion although we arrive at that result by a different route. It is well settled that under the circumstances in this case the incidents of the adoption in Alabama as to inheritance are to be determined by the laws of Pennsylvania, decedent's domicile: Christoff Estate, 411 Pa. 419 (1963); and Zoell's Estate, 345 Pa. 413 (1942).

The accountants argue that section 6114(4) of the Probate, Estates and Fiduciaries Code, formerly section 301.14(3) of the Estates Act of 1947, is to be applied to the facts in this case. That section recites, in pertinent part, as follows:

"Adopted Children.

"In construing a conveyance to a person or persons described by relationship to the conveyor or to another, any person adopted before the effective date of the conveyance shall be considered the child of his adopting parent or parents and not the child of his natural parents . . ."

The natural and intended implication of this rule of construction, say the accountants, is that any person adopted after the effective date of the conveyance shall be considered the issue of his natural parents. Since the settlor died May 15, 1956, and Peter was adopted after his father died in 1958, he, therefore, falls within the class of "issue" of his natural father.

We shall not attempt to construe the language of section 6114(4) of the Probate, Estates and Fiduciaries Code of June 30, 1972, No. 164, because in our view it is not necessary to do so for the purposes of this adjudication. The Estates Act of April 24, 1947, P. L. 100, was effective January 1, 1948, and does not apply to a funded pre-1948 revocable trust, such as the one in the instant case, regardless of when the settlor dies, provided there have been no dispositive amendments

since January 1, 1948: McKean Estate, 366 Pa. 192 (1951); Bregy, Intestate, Wills and Estates Acts of 1947, 1966 Supplement, page 8098. Here, the settlor executed a number of amendments to his original revocable deed, the last such amendment being on September 18, 1953. The provisions establishing the trust for Louise O. Adams were last amended by a supplemental agreement of trust dated June 3, 1947, which completely revised article Second of the original deed of trust.

The question, therefore, is what are the rights, under a pre-1948 revocable inter vivos deed of trust, of an adopted person as a member of his natural family after adoption into another family where, as in this case, the Estates Act does not apply? Prior to January 1, 1948, there would appear to be no applicable legislation. And when we look at the case law, we find that the courts have considered this question as one of identity and not of inheritance. The general rule is found in 1 R.C.L. 614, paragraph 26, quoted in Anderson's Estate, 23 D. & C. 332 (1935), as follows at page 333:

" 'An adopted child is, in a legal sense, the child both of its natural and its adopting parents, and is not, because of the adoption, deprived of its right of inheritance from its natural parents, *unless the statute expressly so provides.*" (Emphasis in original.)

See, also, Taylor Estate, 357 Pa. 120 (1947), where it was held that the fact of adoption outside the stirpital line does not change the claimant's description as "issue." We conclude that Peter A. Adams Nice falls within the class of "issue" of James C. Adams, deceased, and is, therefore, entitled to share in the principal now distributable, which share will be hereinafter awarded. . . .

The certificate of the official examiner as to the

award in trust will be produced to the auditing judge in accordance with the rule of court.

And now, March 26, 1973, the account is confirmed nisi.