176 N.J. Super. 469 (1980)
423 A.2d 994
IN THE MATTER OF THE ESTATE OF HARRY D. AVERY, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1980.
Decided November 7, 1980.
*470 Before Judges MICHELS, ARD and FURMAN.
Herman A. Adler argued the cause for appellants (Lomell, Muccifori, Adler, Ravaschiere & Amabile, attorneys).
Robert C. Shea argued the cause for respondent (Hiering, Grasso, Gelzer & Kelaher, attorneys).
The opinion of the court was delivered by FURMAN, J.S.C. (temporarily assigned).
*471 At issue on this appeal is the right of respondent Julia Ann Avery, natural daughter of Harry D. Avery, to inherit from him. He died intestate a resident of Manchester Township, Ocean County, in this State on July 1, 1979. After the death of his first wife, respondent's mother, respondent was adopted by a maternal aunt in New York in 1932, with decedent's consent.
Appellants, two brothers, two sisters and the son of a deceased sister of decedent, appeal from summary judgment dismissing their complaint for a declaratory judgment that they are decedent's sole heirs. Decedent's estate consists of bank accounts, securities and other personal property.
The right to inherit personal property in an intestacy is determined by the law of the state of decedent's domicile at the time of death. Caruso v. Caruso, 106 N.J. Eq. 130, 142, 146 (E. & A. 1930); Restatement, Conflict of Laws, § 260 (1971).
The right of an adopted child to inherit from a natural parent or relative is governed by the law of the state of decedent's domicile at the time of death, according to general authority. The law of the state of adoption establishes the adoptee's status but not his right of inheritance. The state where the death of the intestate occurred should apply its own law, not the law of the state of adoption, in determining whether the adoptee's right to inherit from his parents and relatives by blood is preserved or terminated. In re Estate of Neuwirth, 155 N.J. Super. 410 (Cty.Ct. 1978); Arciero v. Hager, 397 S.W.2d 50 (Ky. Ct. App. 1965); Rauhut v. Short, 26 Conn.Super. 55, 212 A.2d 827 (Super.Ct. 1965); In re Zoell's Estate, 345 Pa. 413, 29 A.2d 31 (Sup.Ct. 1942); 2 Beale, Conflict of Laws, § 305.1 (1935); Restatement, Conflict of Laws, § 262(1) (1971); 2 Am.Jur.2d, Adoptions, §§ 114, 115.
The choice of law rule stated in the Restatement, supra, is as follows:

*472 Whether an adopted child can inherit an interest in movables upon intestacy or receive a forced share therein is determined by the law that would be applied by the courts of the state where the decedent was domiciled at the time of his death. These courts would usually apply their own local law in determining this question.
We do not, accordingly, defer to the adoption law of New York, which preserved an adoptee's right of inheritance from and through his natural parents at the time of respondent's adoption there in 1932 but, by subsequent legislation, has retroactively terminated that right upon the death of a natural parent after March 1, 1964. N.Y.Dom.Rel.Law (McKinney) § 117.
In the absence of legislation an adoption would not terminate the adoptee's common law right of inheritance from and through his natural parents, nor establish a right of inheritance from and through his adopting parents. In re Holibaugh, 18 N.J. 229, 233-34 (1955).
In applying New Jersey statutory law, whether respondent has a right of inheritance from decedent hinges upon which law governs: the present statute effective in 1978, N.J.S.A. 9:3-50(a), L. 1977, c. 367, § 14, or the statute in effect in this state at the time of respondent's adoption in New York, L. 1877, c. 83, as amended.
N.J.S.A. 9:3-50(a) provides:
The entry of a judgment of adoption shall terminate all relationships between the adopted child and his parents and all rights, duties and obligations of any person that are founded upon such relationships, including rights of inheritance under the intestate laws of this State, except such rights as may have vested prior to entry of the judgment of adoption; provided, however, that when the plaintiff is a stepfather or stepmother of the adopted child and the adoption is consummated with the consent and approval of the mother or father, respectively, such adoption shall not affect or terminate any relationship between the child and such mother or father or any rights, duties or obligations based thereupon. For good cause, the court may in the judgment provide that the rights of inheritance from or through a deceased parent will not be affected or terminated by the adoption.
The New Jersey statute of descent and distribution, N.J.S.A. 3A:2A-41, conforms to the adoption law, as follows:

*473 The relationships and rights of an adopted minor child shall be those as provided by section 14 of P.L. 1977, c. 367 (C. 9:3-50)....
The exception within N.J.S.A. 9:3-50(a) upon an adoption by a stepparent is inapplicable to respondent's adoption. Nor was there any provision in the New York judgment of adoption specifically preserving respondent's right of inheritance from her natural father. Respondent would be barred under the 1977 enactment, if retrospectively applied to her.
The trial judge, in granting summary judgment for respondent, applied the statutory law in effect in this State at the time of respondent's adoption in New York, which preserved an adoptee's right of inheritance from and through natural parents, relying on Neuwirth, supra. In Neuwirth, Judge Lane commented (155 N.J. Super. at 427): "New Jersey has adopted a minority position that the inheritance rights of an adopted child are determined by the law of adoption in effect at the time of the adoption."
Neuwirth held that a child adopted by a stepfather in Florida in 1961 had no right of inheritance from his natural father, who died in New Jersey in 1973, applying the New Jersey statutory amendment adopted in 1953, L. 1953, c. 264, § 14, and in effect in 1961, which is substantially identical to N.J.S.A. 9:3-50(a) in cutting off inheritance rights of adoptees. But the issue in Neuwirth is factually distinguishable from that before us, because of a subsequent statutory revision in 1966, L. 1966, c. 196, § 1, which was in effect at the time of the decedent's death but was amended in turn in 1977 by N.J.S.A. 9:3-50(a). That revision restored the common law right of inheritance from and through both natural parents upon an adoption by a stepparent. The court ruled that the 1966 amendment, which would have governed, if retroactive in effect, was to be applied prospectively only in the absence of an express legislative intent to the contrary.
Neuwirth followed Nickell v. Gall, 49 N.J. 186 (1967), which construed the 1953 amendment to the adoption law of this State as prospective only. A child adopted in this State in 1929 was *474 held to be the heir at law of her natural mother who died in this State in 1964. The Supreme Court recognized no constitutional impediment to legislative termination of an adoptee's right of inheritance through the bloodline, which is an expectancy subject to be vested at the death of an intestate. Applying rules of statutory construction, the Supreme Court found no express cutting off of so-called right of inheritance and rejected an inference of retroactivity.
In referring to this State's adopting a "minority position" that the statutory law in effect at the time of adoption governs an adoptee's right of inheritance, Judge Lane in Neuwirth cites cases from other jurisdictions all applying the law in effect at the time of the intestate's death. Arciero, supra; In re Kenny's Estate, 129 Ind. App. 199, 153 N.E.2d 607 (App.Ct. 1958), aff'd sub nom. Kerlin v. Kenny, 239 Ind. 142, 155 N.E.2d 389 (Sup.Ct. 1959); Gamble v. Cloud, 263 Ala. 336, 82 So.2d 526 (Sup.Ct. 1955); Staley v. Honeyman, 59 Ohio L.O. 203, 98 N.E.2d 429 (Ct.App. 1950), aff'd 157 Ohio St. 61, 104 N.E.2d 172 (Sup.Ct. 1952); In re Loakes' Estate, 320 Mich. 674, 32 N.W.2d 10 (Sup.Ct. 1948). See also 18 A.L.R.2d 960 (1951).
Research has revealed only one pertinent reported judicial decision since then, Matter of Estate of Adolphson, 403 Mich. 590, 271 N.W.2d 511 (Sup.Ct. 1978), which ruled against an adoptee's right to inherit through a deceased adopting parent. The holding was in accordance with the law in effect at the time of death of the intestate, the deceased adopting parent's sister, but contrary to the law in effect at the time of death of the deceased adopting parent.
The foregoing judicial authorities recognize the adoptee's status according to the law in effect at the time of adoption but determine his right of inheritance according to the law in effect at the time of the intestate's death.
The apparently contrary result has been reached in this State because of judicial construction that amendments dealing with an adoptee's rights of inheritance subsequent to the date of *475 adoption are prospective only in effect, in Nickell as to the 1953 amendment and in Neuwirth as to the 1966 amendment. In turn, we must construe the 1977 amendment, N.J.S.A. 9:3-50(a), in effect on the date of death of decedent, Harry D. Avery, to resolve whether it should be applied retrospectively or prospectively only.
The enactment in 1977 was subsequent to the pronouncement of the prospective effect only of the 1953 amendment by the State's highest court in Nickell. But, as in the 1953 amendment, the Legislature failed to set forth an express intent that the amendment be retroactive. General authorities that legislation operates prospectively in the absence of an express legislative intent to the contrary are in point. Skulski v. Nolan, 68 N.J. 179, 202 (1975); Kopczynski v. Camden Cty., 2 N.J. 419, 424 (1949).
Within the 1977 amendment to the Adoption Law a legislative intent that it be prospective in effect only is apparent. Section 22 of L. 1977, c. 367, provides:
This act shall take effect 30 days after enactment but it shall not apply to any action for adoption commenced prior to such effective date, for purposes of which P.L. 1953, c. 264 (C. 9:3-17 to 9:3-36) as amended, shall remain in effect until final disposition.
The choice of law rule in this State governing the right of inheritance of an adoptee adopted in another state is identical to that in other states where the issue has arisen: the law of the forum, where the intestate was domiciled, governs. Arciero, Rauhut, and In re Zoell's Estate, supra. A court views the inheritance right of the out-of-state adoptee as if he had been adopted in the forum state.
The difference in result, lending support to the comment that this State adheres to a "minority position," is the consequence of the differing judicial construction of the effect of amendments to statutes governing inheritance rights of adoptees, prospective only as construed in this State, retrospective as applied in the reported decisions of other states.
*476 We conclude that the trial judge correctly applied present New Jersey law that respondent, who was adopted in 1932 in New York, had a right of inheritance from her natural father as if adopted in 1932 in this State, and that her right of inheritance was not cut off by the 1977 legislative amendment.
We therefore affirm.